Filed Jan. 23, 1886.

---

## No. 11,938.

### ROSZELL v. ROSZELL.

PURCHASER PENDENTE LITE..—Where a purchaser *pendente lite* is not entitled to defend his right in his own name, he may do so in the name of his grantor.

SAME.—*Supreme Court.*—*Judgment.*—*Infant.*—*Appeal after Removal of Disability.*— *Confession of Errors.*— *Collusion.*— *Defence by Grantee in Name of Grantor.*—R., claiming to own land which had been deeded to his infant son, brought an action against the latter to have his title quieted, which was done. R. then sold the land by warranty deed to G., and the latter to P. After R.'s son became of age he appealed from the judgment in favor of his father to the Supreme Court. P. filed an application to be allowed to defend, either in his own name or in the name of R., showing his interest, and alleging that R. is insolvent, and that he and his son had colluded to procure a reversal of the judgment, and that R. had executed a confession of errors. Subsequently a confession of errors was filed.

*Held*, that the confession of errors should be disregarded, and P. allowed to defend in R.'s name.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing,* for appellant.

*F. E. Gavin,* for appellee.

ZOLLARS, J.—While in the army during the late war, appellee contracted for the purchase of the real estate in controversy in this action. Before his return, it was deeded to

his then infant son, appellant. In 1877, appellee claiming that the property belonged to him, and that the conveyance to the son had been made by mistake, brought an action to recover the property and to have the title quieted in him.

A guardian *ad litem* was appointed for appellant, and such proceedings were had that a commissioner was appointed to convey the legal title to appellee. The commissioner made a deed which was approved by the court, and the title was quieted in appellee. After appellant became twenty-one years old, he took an appeal, and filed the record in this court on the 7th day of October, 1884.

On the 27th day of December, 1884, Edwin S. Porter filed an application to be allowed to contest the assigned errors, either in his own name as a party to the appeal, or in the name of appellee. In this application he sets up under oath, amongst other things, that, on the 7th day of October, 1877, which was subsequent to the judgment above mentioned in favor of appellee, said appellee and his wife sold, and by a general warranty deed conveyed, the real estate to one Mary F. Grant, and that she sold and by warranty deed conveyed the real estate to him, Porter; that appellee, the father of appellant, is wholly insolvent; that they have colluded to procure a reversal of the judgment, and that appellee had executed and delivered to appellant, or to his counsel, a written confession of errors. On the 6th day of January, 1885, there was filed a written confession of errors, and a consent that the judgment might be reversed, signed by appellee, and also a motion by appellant to dismiss Porter's application. This motion is not based upon a denial of the facts set up in Porter's application, but rests upon the assumption that there is no way by which Porter can be made a party in this court, or be allowed to contest the case in appellee's name. It will be seen that after appellee got the title to the real estate quieted in him by the judgment of the court, he sold it and conveyed the legal title thereto by a warranty deed. He thus divested

Roszell *v.* Roszell.

himself of all interest in the real estate, which was the sub-ject-matter of the controversy between him and appellant. Being insolvent at the time Porter filed his application, ap-pellee had no interest in the controversy, except as he might, as a matter of honor, desire to protect his grantees. Ac-cording to the showing in Porter's application, appellee did not have that interest. It is thus manifest that there is no immediate protection for Porter in the controversy, if he needs protection, unless he can in some way prevent the confession of errors by appellee and be allowed to contest the case.

Appellant, being a minor at the time the judgment was ren-dered against him, had the right to appeal at any time within one year after becoming twenty-one years of age. An ap-peal is said to be a continuation of the same case. Powell App. Proc. 104. It is not necessary nor proper that we should now decide as to whether or not, for all purposes, Porter should be regarded as a purchaser *pendente lite*, nor in what respect or to what extent his rights might be affected by a reversal of the judgment. These are questions that may hereafter arise in the determination of the ultimate rights of the parties.

Appellant's theory is, that Porter became a purchaser *pen-dente lite*. For the purpose of a decision upon the applica-tion and motion before us, we may adopt that theory to the extent that Porter was a purchaser *pendente lite* in such a sense as that he has a right to defend the action in appellee's name. The law is, that if a deed is made *pendente lite*, or under such circumstances as that the grantee can not defend his right and title to the real property conveyed in his own name, he may do so in the name of his grantor.

The grantor in such cases, by his conveyance, authorizes the grantee to protect his right to the property conveyed, by a suit or defence in the name of the grantor, and in such cases the grantor can neither dismiss the suit nor prevent the de-

fence.   *Steeple* v. *Downing*, 60 Ind. 478 ; *Vail* v. *Lindsay*, 67 Ind. 528; *Ex Parte Railroad Co.*, 95 U. S. 221.

In the last case above, it was said : "A *pendente lite* assignment carries with it an implied license by the assignor for the use of his name in the cause by the assignee to protect the rights assigned."

In the case of *Lord* v. *Veazie*, 8 How. (U. S.) 250, third persons, not parties to the action, but whose rights would be affected by a decision in the case, were allowed to file affidavits and show that the controversy between the parties to the record was not a real one ; that their interests were really the same, and that they sought a decision for the purpose of affecting the rights of said third persons.   Upon this showing the writ of error was dismissed.   See, also, R. S. 1881, section 271.

In the case before us, it is made to appear by Porter's application that appellee has no real interest in the case adverse to his son ; that he is colluding with the son for a reversal of the judgment, and that such a reversal may seriously affect Porter's title to the real estate.  Upon this showing, and under all the circumstances of the case, it seems clear that Porter should be afforded an opportunity to defend, and that appellee should not be allowed to defeat such defence by a confession of error.   And, under all the circumstances of the case, this court has ample authority to direct and order, that the confession of errors by appellee shall be disregarded and rejected, and that Porter shall be allowed to defend in appellee's name.

It is accordingly so ordered, and thirty days are given Porter within which to file a brief.

Filed Jan. 23, 1886.