No. 11,938.

## ROSZELL v. ROSZELL.

DEED.— *Reformation.*— *Mistake.*— *Mutuality.*— *Estoppel.*— *Contract.*— Where one party to an agreement has knowledge of a mistake, and of the other party's ignorance thereof, and with such knowledge remains silent when he should speak, he is estopped to defeat a reformation by asserting that the mistake lacks mutuality.

SAME.—*Title Bond.*—Where one purchases and pays full consideration for land held by his vendor by title bond, and it is agreed that the latter shall cause a conveyance to be made to the purchaser, but, without his knowledge or consent, causes the conveyance to be made to the purchaser's son, a reformation of the deed can not be defeated on the ground that the mistake is not mutual.

SAME.—*Statute Construed.*— *Parent and Child.*—The operation of section 2974, R. S. 1881, is restricted by subsequent sections to cases in which the party claiming the benefit of an alleged trust, himself created what he afterwards claims to be a trust, and does not prevent a father, who

Roszell *v.* Roszell.

has paid the purchase-money, from showing that the deed was made to a child through mistake, or contrary to his intention.

SAME.—*Acquiescence.*—*Burden of Proof.*—In a suit to reform a deed, brought within twenty years, the burden is on the defendant to show that there was such acquiescence on the part of the plaintiff, after knowledge of the mistake, as to render it inequitable to grant the relief asked.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing*, for appellant.

*F. E. Gavin*, for appellee.

MITCHELL, J.—The facts in this case are stated, and an important preliminary question decided, in *Roszell* v. *Roszell*, 105 Ind. 77. The case is now before us for decision upon its merits, the errors assigned being that the court below erred in overruling the appellant's demurrer to the complaint, and in overruling his motion for a new trial.

In substance, the complaint discloses the following facts: In 1862 James M. Roszell enlisted in the army. Having received $175 bounty money, he purchased a lot of Smith Armstrong, which the latter owned by title bond only. Roszell paid the entire purchase-price to Armstrong, who still owed to his vendor part of the purchase-price. This Armstrong agreed to pay. He also agreed that he would cause his vendor to make a deed conveying the lot to Roszell. Subsequently, while James M. Roszell was in the army, Armstrong paid the balance of the unpaid purchase-money, but, contrary to his agreement with Roszell, and without the latter's knowledge or consent, he caused the deed to be made to Leonidas Roszell, an infant son of James M. After the close of the war James M. took possession of the lot, made lasting and valuable improvements upon it, which cost some $500 or more. It is alleged that the deed was executed to his son by mistake. Prayer for an order that the lot be conveyed to the plaintiff, and that his title should be quieted.

On appellant's behalf it is now contended that, upon the facts stated in the complaint, the plaintiff below was not entitled to any relief. It is said that in order to justify the in-

tervention of a court, there must have been a mutual mistake by both parties to the deed, and that because the grantor was not mistaken, and the infant grantee was invested with the title without any mistake on his part, and without having invested the money of another, and taken the title in violation of any agreement, the court had no jurisdiction to afford relief.

Of course, when the action is to reform an instrument, on the simple ground that a mistake has occurred in the written memorial of the agreement between the parties, it must appear that the mistake was mutual, and that the reformation is necessary in order that the writing may correctly speak the agreement, as it was actually made and understood by both parties. The reformation is not to make a new agreement, but to establish and perpetuate the old one. *Welshbillig* v. *Dienhart*, 65 Ind. 94.

When, however, it is once conceded that the deed or instrument in question does not correctly state the facts actually agreed upon, the conclusion follows, either that the parties were mutually mistaken as to the facts therein recited, or that one party has been overreached or disappointed by the conduct of the other. In either event, the case stands for relief upon its own ground. If the mistake be that of one party only, its consequences will be determined accordingly as the other was, or was not, cognizant of or responsible for the mistake. *Worley* v. *Moore*, 97 Ind. 15; Kerr Fraud and Mistake, pp. 409–413.

The agreement having been satisfactorily established, if it appears that the mistake was known to one of the parties, who, with knowledge of the ignorance of the other, nevertheless kept silent when he should have spoken, the party having knowledge will be estopped to defeat a reformation by alleging that he knew that the instrument was different from the agreement.

It being admitted by the demurrer that James M. Roszell paid the entire purchase-price, and that Armstrong agreed to

cause his vendor to convey the lot to him, Armstrong will not be heard to say that the conveyance to the infant son was not a mistake on his part. The appellant, the son, having paid nothing, can not, while admitting the agreement between his father and Armstrong, and that his name, instead of the name of his father, was inserted in the deed as grantee by mistake, assert that the mistake may not be corrected for want of mutuality. Armstrong's vendor had no further interest in the transaction than to receive the money due on the title bond and make the deed as directed by the former. The transaction was between Armstrong and James M. Roszell, and because Armstrong's vendor made the deed to the appellant in good faith, in ignorance of the mistake, is no reason why a court of equity should be prevented from looking at the real transaction, and dealing with it accordingly. *Murray* v. *Sells*, 53 Ga. 257; *Phenix Ins. Co.* v. *Allen, ante,* p. 273.

It is said that because the appellant was the mere passive recipient of the title, without any wrong-doing on his part, he took an absolute title in the lot so conveyed to him, freed from any trust under section 2974, R. S. 1881. This section provides that: "When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections." The case falls directly within the first clause of the second section following, which is in effect, that the provisions of section 2974 shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid. The operation of section 2974 is restricted by the subsequent sections to cases in which the party claiming the benefit of an alleged trust, himself created what he afterwards claimed as a trust.

The purpose of the statute relied on was to prevent par-

ties who had purposely and perfectly executed voluntary settlements, and had caused lands to be conveyed to others, from engrafting trusts upon such settlements and conveyances, solely upon the ground that the party seeking to establish such trust had paid the consideration for the conveyance. *Hosford* v. *Merwin*, 5 Barb. 51; Perry Trusts, section 98, *et passim.*

This statute does not prevent a father who has paid the purchase-money from showing that the deed was made to a child through mistake, or contrary to his intention. Perry Trusts, section 148.

The demurrer to the complaint was properly overruled. The evidence fairly sustains all the material averments in the complaint.

Lastly, it is contended that the plaintiff below acquiesced in the deed as made for a period of thirteen years, during which time he remained in possession and made valuable improvements on the lot. Hence it is argued, he has slept upon his rights so long, that a court of equity will afford him no relief.

It does not appear from anything contained in the record when the appellee became aware of the mistake in the deed. It does not appear that rights in third parties have intervened or grown up under the deed, the correction of which was sought, or that the defendant in any way changed his situation.

It was incumbent on the defendant to make it appear—less than twenty years having elapsed—that there was such acquiescence, after knowledge of the mistake, as would now render it inequitable to afford the relief to which the plaintiff would otherwise have been entitled. This has not been done. *Morrison* v. *Collier*, 79 Ind. 417; Hill Trustees, p. 269; *Hutson* v. *Furnas*, 31 Iowa, 154; *Lindsay* v. *Davenport*, 18 Ill. 375. There was no error.

The judgment is affirmed, with costs.

Filed Jan. 27, 1887.