Stingley *v.* Nichols, Shepard & Co. *et al.*

Filed Jan. 14, 1892; petition for a rehearing overruled April 9, 1892.

---

No. 15,388.

## STINGLEY *v.* NICHOLS, SHEPARD & CO. ET AL.

DAMAGES.—*Ditch Assessment.*—*Appeal Bond.*—*Sufficiency of.*—In an appeal from an assessment made against the land-owners along the main ditch, and also along the south arm thereof for the amount expended for repairs on the ditch, it is not necessary that the lands assessed from which the appeals are taken should be described in the appeal bonds, the appeals having been taken separately, nor need the bonds state whether the lands were assessed for repairs to the main ditch or to the south arm. It was proper to name the county surveyor as the obligee in the appeal bonds, although the assessments were made by a deputy surveyor.

SAME.—*Right of County to Defend.*—*Refusal to Permit.*—*County Surveyor.*—Where appeals are taken from ditch assessments, the county being the party and the only party financially interested in the collection of these assessments, it is proper for the board of county commissioners to employ attorneys to appear and protect the interests of the county in said appeals, and it is error for the court to refuse to permit such attorneys

to represent the county surveyor. Where, however, said attorneys did appear for the party who made the assessments, and continued the litigation, the error is not available.

SAME.—*Burden of Proof.*—In such appeals the burden of proof is upon the county surveyor, and it is not error to require him to open and close the case.

.SAME.—*Board of County Commissioners.—Power to Appoint Deputy Surveyor. —Sufficiency of Appointment.—Collateral Attack.*—The power to appoint a deputy to act in cases wherein the regular surveyor is interested is specially delegated to the board of county commissioners. When they have made such appointment, the presumption exists, at least upon a collateral attack, that the county surveyor was interested in a matter wherein he was required to act, and that the board had knowledge of the fact. It is not necessary to recite the grounds upon which a board of county commissioners proceeds in a matter which is within their jurisdiction. An order of appointment by a board of commissioners which recited that the board appointed " A. R. as deputy surveyor for Fulton county, Indiana, in compliance with section 5952, R. S., 11th specification, section 140, R. S 1881," was broad enough to include the making of assessments for ditch repairs, and sufficient to withstand a collateral attack.

From the Fulton Circuit Court.

*G. W. Holman, R. C. Stephenson, J. Rowley* and *M. A. Baker,* for appellant.

*P. M. Buchanan, J. S. Slick, M. L. Essick* and *O. F. Montgomery,* for appellees.

MILLER, J.—A public ditch, known as the Peters and Reed ditch, was established in Fulton county, Indiana, in the year 1880, by the board of commissioners of that county, under and pursuant to the drainage law of 1875. In the year 1888, James K. Stinson, then surveyor of Fulton county, undertook to clean out and repair the ditch, as provided for by section 10 of the acts of 1885, p. 141 (Elliott's Supp., section 1193). For work done on the main ditch he issued certificates in the amount of $3,594.89, and for work on the south arm for $267.10, upon which sums the county auditor drew his warrant on the county treasurer, and the same were paid out of the county revenue. Afterward the

term of office of Stinson, as county surveyor, expired, and he was succeeded by the appellant, Peter J. Stingley.

In September, 1889, one Isaiah Walker, claiming to act as deputy surveyor, assessed the land-owners along the main ditch, and also along the south arm for the full amount expended for repairs on the ditch. This assessment was made to reimburse the treasury for the payments paid out of the county revenues.

From this assessment the appellees appealed to the circuit court by filing their separate bonds with the clerk of said court. Subsequently, by order of the court, the cases were consolidated and tried together.

After the appeals were perfected, but before the trial, Messrs. Holman & Stephenson and Rowley & Baker, attorneys at law, entered a special appearance in each case, and filed written motions to dismiss the appeals, which motions were overruled, and the rulings are assigned as errors here.

The grounds upon which the motion proceeded, briefly stated, are, that the assessment having been made by Isaiah Walker, and not by the appellant, Stingley, the appeal bonds should have been made payable to Walker, and he should have been made defendant in the appeal; and for the further reason that the lands assessed, from which the appeals are taken, are not described in the appeal bonds, nor do they state whether they were assessed for repairs to the main ditch or to the south arm.

We are satisfied that the court did not err in overruling these motions.

The purpose for which appeal bonds are required to be filed is to furnish indemnity for loss that may be incurred because of the appeal. Defects in their form are cured by statute. Section 1221, R. S. 1881; *Railsback* v. *Greve*, 58 Ind. 72. They are not pleadings and perform none of the functions of a pleading. The bonds seem to be drawn in strict conformity with the law giving the right of appeal. The record of the assessments, a copy of which the surveyor is

Stingley *v.* Nichols, Shepard & Co. *et al.*

required to file with the clerk of the court to which the appeal is taken, necessarily shows a description of the lands assessed, with the purpose of the assessment.

The county surveyor was properly named as the obligee in the appeal bonds, for so says the statute which provides for the appeal.

If Walker, who made the assessment, had authority to make it, it was because he was a deputy surveyor. If he was a deputy surveyor, he was but the shadow of his principal—a mere substitute for his principal. Black Law Dict., title, "Deputy;" Sections 5952, 5569, 5570, R. S. 1831.

Upon the overruling of the motion to dismiss the appeals, a motion, supported by affidavit, was filed, questioning the authority of Messrs. Holman & Stephenson and Rowley & Baker to appear as the attorney of the county surveyor. In answer to this affidavit and motion, a joint affidavit was made by the attorneys mentioned, showing that they had been employed by the board of commissioners of Fulton county to appear and protect the interests of the county in said appeals, and to take such other steps as they should think proper and necessary to collect the amount of the assessments made to reimburse the county treasury for its disbursements made in the repair of the ditch.

The court found that such employment did not authorize them to appear in the action.

In our opinion this ruling was erroneous. The county was the party, and the only party, financially interested in the collection of these assessments. The money had been paid out of the county treasury, and the collection of the assessments appealed from was the only remedy provided by law for replacing it. While under the peculiar wording of the section of statute under consideration the county was not a necessary party to the appeal (*Davis* v. *Lake Shore, etc., R. W. Co.,* 114 Ind. 364), we think it would have been a proper one, and upon proper application should have been permitted to intervene for the protection of its rights in litigation.

*Goetzman* v. *Whitaker*, 81 Iowa, 527; *Smith* v. *Ford*, 48 Wis. 115 (151); *Taylor* v. *Adair*, 22 Iowa, 279; *Gradwohl* v. *Harris*, 29 Cal. 150; *Yuba Co.* v. *Adams*, 7 Cal. 35; *State, ex rel.,* v. *Graham*, 23 La. Ann. 402.

No attempt was made to have the county made a party, but the appellant did ask what would have accomplished the same purpose, that is, to defend in the name of the county surveyor.

The statute requires that the assessments shall be made by the county surveyor, and that the appeal bond shall be made payable to him, and that a summons shall be issued and served upon such surveyor, but it nowhere expressly authorizes him to employ attorneys, and makes no provision for their payment if so employed.

In this case it does not appear that the surveyor had employed attorneys or contemplated such action. Under these circumstances we think the attorneys employed by the county should have been permitted to defend. *Roszell* v. *Roszell*, 105 Ind. 77.

While we are satisfied that the court erred in its ruling, it appears that the appellants were not injured by such ruling. The record discloses the fact that after they were barred from appearing upon the employment of the board of commissioners of Fulton county, they did appear for Isaiah Walker, the person who made the assessment, and continued the litigation.

The court did not err in requiring the county surveyor to take the burden of the issues and to open and close the case. *Weaver* v. *Templin*, 113 Ind. 298; *Neff* v. *Reed*, 98 Ind. 341.

During the course of the trial the appellant offered in evidence the following entry in the record of the board of commissioners of Fulton county, to show the appointment of the deputy surveyor who made the assessment appealed from:

" The board now appoints Isaiah Walker as deputy surveyor for Fulton county, Indiana, in compliance with section 5952,

Stingley v. Nichols, Shepard & Co. et al.

Revised Statutes, 11th specification, section 240 Revised Statutes of Indiana of 1881."

In connection with this offer it was proven by Walker that he made the assessment under the appointment made in this order.

The county surveyor also offered to show that he was the son of one of the land-owners assessed for the cleaning out and repairing of the Peterson and Reed ditch, who was one of the appellants from such assessment; also, that two others of such appellants were his uncles; that these facts were reported to the county auditor by such county surveyor, prior to the making of the order appointing Walker as deputy surveyor, and that this was reported to the board of commissioners, and upon such notice the order of appointment was made.

This evidence was excluded by the court, who held that "no valid grounds were shown authorizing the appointment of Walker, and that the assessments made by him were made without authority."

The view that we take of the order of the board of commissioners appointing Walker as deputy surveyor renders it unnecessary to discuss the circumstances under which parol evidence may be introduced in aid of orders made by boards of commissioners claimed to be defective.

We are satisfied that, when subjected to a collateral attack, the order made by the board of commissioners was sufficient to sustain the assessment made by such appointee.

It is not claimed that the county surveyor was, in fact, disinterested, and, therefore, competent to make the assessment, but simply that no valid grounds were shown authorizing the appointment by the board of commissioners of a deputy to act in making this assessment.

The power to appoint a deputy to act in cases wherein the regular surveyor is interested is specially delegated to the board of county commissioners. Section 5952, R. S. 1881, which is as follows: "Such surveyor may appoint depu-

Stingley *v.* Nichols, Shepard & Co. *et al.*

ties; and whenever the services of the surveyor are required in a case where he is interested, the board of commissioners shall appoint a deputy." When they have made such appointment, the presumption exists, at least upon a collateral attack, that the county surveyor was interested in a matter wherein he was required to act, and that the board had knowledge of this fact.

It is well settled that it is not necessary to recite the grounds upon which a board of county commissioners proceeds, in a matter which is within their jurisdiction. *Platter v. Board, etc.*, 103 Ind. 360 (369); *Carr v. State, etc.*, 103 Ind. 548; *Sims v. Gray*, 109 Ind. 501; *Jackson v. State, etc.*, 104 Ind. 516 (520); *Board, etc., v. Hall*, 70 Ind. 469; Dillon Mun. Corp. (4th ed.), section 318.

In the order of appointment made in this case it is recited that the appointment is made in compliance with the eleventh specification of section 240, and of section 5952, R. S. 1881, which is equivalent to saying that the appointment was made because the county surveyor was interested, on account of kinship, in some matter in which his services were required. It would, doubtless, have been better form to have specified in the order the case or matter in which the appointee was to act as such deputy surveyor, but the appointment was certainly broad enough to include the making of this assessment, and sufficient to withstand a collateral attack.

The law does not contemplate that the orders of a board of commissioners shall be drafted with much precision of statement, and if they are right in substance they will be sustained. *Bittinger v. Bell*, 65 Ind. 445; *Million v. Board, etc.*, 89 Ind. 5.

The judgment is reversed, with instruction to grant a new trial, and for further proceedings in accordance with this opinion.

Filed Feb. 6, 1892; petition for a rehearing overruled April 9, 1892.