TATE *v.* HAMLIN ET. AL.

[Filed March 13, 1897.    Rehearing denied Dec. 9, 1897.]

MORTGAGES.—*Foreclosure.*—*Sales.*—*Priority.*—A mortgage of an undivided one-half of certain real estate was foreclosed without making a senior mortgagee a party.    The senior mortgage, covering all of the real estate, was foreclosed and the holders of the junior mortgage made defendants, and in the decree their mortgage was declared junior.    Proceedings were afterward instituted by the mortgagors and said junior mortgagees to review the proceedings in foreclosure of the senior mortgage on the ground of an alteration of the note secured by such senior mortgage; the mortgagors failed in said proceeding, but the holders of the junior mortgage succeeded and obtained a judgment declaring the said foreclosure decree invalid and ordering the decree opened for further proceedings.    The senior mortgagee bought in all of the land under his decree, and the junior mortgagees bought the undivided one-half of the land under their decree.    The junior mortgagees afterward

bought the whole tract of land at tax sales and judgment sales upon judgments in favor of persons who were defendants to and who were precluded by the decree in favor of the senior mortgagee, and went into possession of the entire tract of land. The wife of mortgagor bought the entire tract of land of the junior mortagees, receiving a quitclaim deed and assignments of the certificates of purchase from the tax and judgment sales held by them. *Held,* that the senior mortgagee had no right or interest in the undivided one-half of the real estate covered by the junior mortgage by reason of the fact that he was not made a party to the foreclosure thereof; that the tax and judgment sales being invalid, mortgagor's wife had no interest or rights in the land other than that obtained by purchase from the junior mortgagees, and that she could not ·by reason of such purchase deny the validity of the lien of the senior mortgage as to the other half of the land. *pp. 108–115.*

PARTIES.—*Review.*—Where proceedings were instituted by mortgagors and junior mortgagees to review a foreclosure proceeding by a senior mortgagee, and during the pendency thereof a sheriff's deed is made to the senior mortgagee and his wife, the proceeding is properly continued in the name of the original parties. *p. 115.*

From the Marion Superior Court. *Reversed.*

*S. M. Shepard, J. E. McCullough, H. N. Spaan, F. Knefler* and *J. F. Berryhill,* for appellant.

*W. V. Rooker, L. C. Walker* and *W. D. Bynum,* for appellees.

HACKNEY, J.—This case is stated in a special finding of facts, with conclusions of law, rendered by the trial court and with exceptions reserved by the appellant. The facts found were, that in August, 1871, Jacob T. Wright and Carlin Hamlin executed to the firm of Dunn & Love a note for $4,000.00, representing a part of the consideration for certain real estate sold by said firm to them, and as securing the same executed a mortgage of said real estate. In February, 1874, Dunn & Love transferred, by indorsement, said note to Tate. In January, 1877, Hamlin executed to one Hager a mortgage for $1,500.00 on the undivided one-half of said lands, and Fletcher & Churchman

Tate *v.* Hamlin *et al.*

thereafter became the owners of said mortgage, which, in September, 1877, they had foreclosed, Tate not being a party to such foreclosure. On the 29th day of May, 1878, Tate obtained a decree of foreclosure of said mortgage first mentioned, Fletcher & Churchman being defendants, and their mortgage being adjudged junior. In June, 1878, Wright and Hamlin, by complaint, sought a review of Tate's decree, and in July, 1878, Fletcher & Churchman, by cross-complaint, sought review of said decree, the ground for review in each instance being the unauthorized alteration of said $4,000.00 note, by striking out the condition in the attorney's fee clause, "if suit be instituted" on the note. On demurrers the complaint of Hamlin and Wright was held insufficient, and the holding was unappealed from, and the cross-complaint of Fletcher & Churchman was held sufficient, and that holding was affirmed upon appeal to this court. On the trial of the proceeding for review Fletcher & Churchman recovered against Tate and other defendants, and Tate recovered against Wright and Hamlin, the decree therein in favor of Fletcher and Churchman, declaring Tate's decree of May 29, 1878, to be invalid, and ordering the cause reopened for further proceedings. On the 29th day of June, 1878, Tate bought in on his decree all of said lands, and on the 27th day of July, 1878, Fletcher & Churchman bought in said undivided half of the lands on their decree of September 22, 1877. In June, 1884, Tate and his wife, Helen J. Tate, upon assignment of Tate's certificate of purchase, received a sheriff's deed for all of said lands. In February, 1876, all of said lands were sold to one Toohey for the delinquent taxes of 1874 and 1875 in the sum of $222.55, and thereafter, prior to April 21, 1879, Toohey's certificate having been assigned to Fletcher & Churchman, he and they paid taxes on the lands in

the sum of $423.05, and on the last named date they received an auditor's deed for said lands under said tax sale. Thereupon Fletcher & Churchman went into the possession of said entire lands, the rental value whereof has been $500.00 per annum, and, in February, 1881, said lands were sold to them for $161.64 for taxes delinquent in the years 1879 and 1880. Between the date of Tate's decree of foreclosure and the 19th day of February, 1881, Churchman purchased at sheriff's sales, at various times, each of the undivided halves of said lands upon judgments in favor of persons who were defendants to and were precluded by the decree in favor of Tate of May 29, 1878. On February 19, 1881, Catherine E. Hamlin bought the entire lands from Churchman, receiving a quitclaim deed and assignments of certificates of purchase under said decree in favor of Fletcher & Churchman, said several judgments, and the last mentioned tax sale, and she was then put in possession of lands. The agreed purchase price, $6,000.00, was secured by mortgage, $3,500.00 of which has been paid. Mrs. Hamlin received deeds upon said several certificates, and now holds said lands. The principal and interest on Tate's note was $10,444.44 when the finding was made. His note had been "purposely altered by its then holder by crossing out and erasing therefrom the words if suit be instituted, in the clause relating to attorney's fees," without the knowledge of the makers or of Fletcher & Churchman. There was no evidence that Hamlin and Wright had no personal property at and before the time of said tax sales out of which the taxes could have been made, nor was there evidence of a demand upon them for such property.

This finding was made upon the original complaint by Tate, to foreclose his mortgage, with a supplemental complaint in two paragraphs setting up the

facts following his foreclosure decree, alleging a conspiracy between Fletcher & Churchman and Hamlin to make the several assignments, purchases, conveyances, etc., as found, to cheat and defraud Tate, and alleging that the Hager mortgage had been fully paid to Fletcher & Churchman, praying an accounting for rents, the cancellation of the Hager mortgage, and of the $6,000.00 mortgage by Mrs. Hamlin, and for possession of the lands, and to quiet the title. Issues joined included the question of the alteration of said note of Tate for $4,000.00. The case was tried upon the theory that the proceedings were in the original cause upon review.

The court found as conclusions of law upon said facts, as follows: (1) The alteration of the note was material; (2) the tax sales passed no title, but (3) they created a lien, now held by Mrs. Hamlin, for the purchase money and subsequent payments of taxes; (4) that no title was acquired upon the execution sales by Churchman, nor by Mrs. Hamlin, under those judgments whose creditors were defendants in Tate's foreclosure of May 29, 1878, and Churchman and Mrs. Hamlin acquired no rights thereunder as against Tate; (5) that Mrs. Hamlin acquired, under the foreclosure of the Hager mortgage, a valid title to an undivided one-half of the real estate; (6) Fletcher & Churchman have a valid lien for the balance of Mrs. Hamlin's mortgage to them upon all of the real estate, and (7) Tate is entitled to no relief against Fletcher & Churchman or Mrs. Hamlin.

Over motions by the appellant for a new trial and for a *venire de novo*, the trial court rendered judgment in accordance with the conclusions of law stated. The overruling of said motions and exceptions to the first, third, fifth, sixth, and seventh conclusions of law severally present the only questions discussed in this court.

No question is presented by the motion for a new trial which does not depend upon the evidence, and appellees insist that the evidence is not in the record, for the reason, among others, that it is not disclosed that the longhand manuscript of the evidence was filed in the clerk's office before it was embodied in and filed as a part of the bill of exceptions. The only evidence of the filing of said manuscript is an entry that the appellant filed "his bill of exceptions embodying the stenographer's official report of the evidence," etc., on the 4th day of March, 1891, and a special certificate of the clerk that the longhand manuscript contained in the bill was filed in his office on the 4th day of March, 1891. This is not sufficient, as has many times been held. *DeHart* v. *Board, etc.,* 143 Ind. 363; *City of Decatur* v. *Grand Rapids, etc., R. R. Co.,* 146 Ind. 577; *Hamrick* v. *Loring,* 147 Ind. 229; *Pruitt* v. *Farber,* 147 Ind. 1; *Carlson* v. *State,* 145 Ind. 650. The appellant was required to show a filing in the clerk's office before its filing as a part of the bill of exceptions, and from the record this duty is not discharged, but, from all that appears, the filing as a part of the bill may have been the only filing. No question, therefore, is presented by the motion for a new trial.

The case of the appellant presents no plausible claim to an ownership of or lien upon the undivided one-half of the lands covered by the Hager mortgage. The foreclosure, sale, and conveyance under that mortgage made a complete title in that proportion of the land, subject only to the claim of priority by Tate for his mortgage of the whole. The alteration of the Tate note, by the decision in *Tate* v. *Fletcher,* 77 Ind. 102, and by the decision in this case, the correctness of which is not denied, was an act defeating the lien of Tate's mortgage as against Fletcher & Churchman. Although Tate was not a party to the foreclosure of

Tate *v.* Hamlin *et al.*

the Hager mortgage, he is precluded by the holding that, as against it, his mortgage is no lien. We observe, therefore, no force in the claim of Tate in this case that he had the right to have found facts establishing the basis upon which he might redeem from the sale on the Hager mortgage, and there is certainly no strength in the claim that Tate was entitled to any interest in the undivided half of the land so covered by the Hager mortgage. The proposition that he held the title of Hamlin and Wright under his mortgage, they having been precluded by his foreclosure and the demurrer to their complaint for review, does not give force to the claim that Tate could still maintain an interest in the proportion of the lands covered by the Hager mortgage, for the foreclosure of the Hager mortgage and the sale thereunder, with the decision that Tate's mortgage was invalid as to that mortgage, swept away all possible claim of Tate to that interest, and included all right therein of Hamlin and Wright.

As to the remaining undivided one-half of the lands, any title of the appellee, Catherine E. Hamlin, must depend upon the tax deeds and the purchases under the judgments of those who were defendants to the suit of Tate to foreclose his mortgage. The right to review the decree in foreclosure was only sought on behalf of Fletcher & Churchman and Wright and Hamlin and their wives. That right, as we have seen, was denied to Wright and Hamlin and their wives upon the demurrer to the complaint in review, and that denial precluded them from the assertion of title as against the foreclosure. *Wright* v. *Churchman*, 135 Ind. 683. The trial court, in its fourth conclusion of law, recognized the rule that all parties, except those in whose favor review was granted, were bound by the decree of foreclosure. By that conclusion the trial

court held those to be precluded whose judgments were the basis of the sales made to Churchman. It remains, therefore, to determine the effect of the tax deeds. The trial court has decided that the deeds were not effective to convey title (second conclusion), but that the appellee, Catherine E. Hamlin, is entitled to a lien upon the lands (third conclusion). The appellee, in the brief of one of her counsel, concedes that the tax deeds carried no title and only secured a lien. There would seem, therefore, to be no plausible support to a claim of title in one undivided half of the lands, as against Tate, upon the tax deeds. Indeed, it would not appear doubtful that the tax lien, if any, would not stand for the whole sum against either undivided interest, but would obtain as against the whole.

We conclude that in no element of the case has Mrs. Hamlin support for a claim of title to the whole lands, or to more than an undivided one-half, that interest covered by the Hager mortgage. But it is urged in her behalf that, since she has an undivided interest in the whole, she may successfully deny the validity of Tate's mortgage, and that the court will not aid him in enforcing a forged instrument. That Tate acquired the title of Wright and Hamlin in the undivided one-half of the lands not covered by the Hager mortgage, by and through his foreclosure; that as to that interest Mrs. Hamlin was precluded by the foreclosure and the denial of a review; that any interest she may now assert therein must depend upon the tax lien, seem to be propositions about which there is no room for serious question. Upon the Hager mortgage and the deed thereunder Fletcher & Churchman could have claimed, in their cross-complaint for review, no more than the interest in the lands covered by that mortgage, and as to that source of title Mrs. Hamlin can

claim no more. Tate has title secured by legal methods; Mrs. Hamlin has no title, and claims to hold against Tate because the original owners, proceeding in time, might have defeated his title so secured. As to the interest not included in the Hager mortgage, Tate holds the title of Wright and Hamlin. As to that interest, Mrs. Hamlin cannot establish color of title through the Hager mortgage and the tax deeds, as correctly found by the trial court, gave only a lien, and not a title.

The issues tendered by the supplemental complaint were in the nature of an action to quiet title, and their sufficiency in that respect is not in question in this court. As a continuation of the proceedings in review, and counsel nowhere question that this proceeding was properly in continuation of the original suit on review, it was proper that the proceedings continue in the name of Tate, notwithstanding the sheriff's deed to Tate and wife. Section 272, Burns' R. S. 1894; *Roszell* v. *Roszell,* 105 Ind. 77; *Steeple* v. *Downing,* 60 Ind. 478; *Harvey* v. *Myer,* 9 Ind. 391.

The findings of fact do not include all of the lands described in Tate's complaint and mortgage, and there is no finding as to the amount owing to Mrs. Hamlin on account of taxes. The issues doubtfully, if at all, present any question, either as to the extent or the enforcement of a tax lien, or as to a set-off of rents against taxes, and we do not consider such questions.

The conclusions of the lower court in denying to Tate all interest in the lands, and in extending a lien upon the whole lands in favor of Fletcher & Churchman for the balance of their mortgage from Mrs. Hamlin were erroneous.

The judgment is reversed, and a new trial is directed, that the rights of the parties may be presented more distinctly by the issues.