## BUFFALO SPECIALTY COMPANY v. INDIANA RUBBER AND INSULATED WIRE COMPANY.

[No. 8,430. Filed October 5, 1915.]

1. APPEAL.—*Review.*—*Pleading.*—*Presumptions.*—Where the record fails to show that any answer was filed to certain paragraphs of the complaint, or that a reply was filed to a special paragraph of answer, it will be presumed on appeal from the judgment that at least a general denial was filed to such pleadings. p. 468.

2. APPEAL.—*Review.—Moot Questions.*—In an action for damages and injunctive relief for the violation of an agreement executed in connection with the assignment of letters patent covering a manufacturing process, where the record disclosed that plaintiff dismissed its demand for damages, and it also appears that such letters patent have expired, the question of whether the denial of the injunctive relief was error need not be determined, since any right or privilege covered by the letters terminated with their expiration, leaving the question merely a moot one. p. 469.

3. APPEAL.—*Review.—Affirmance.*—Where an agreement unaided by extrinsic evidence was not susceptible of the interpretation placed thereon by plaintiff, and there was practically no evidence to show mutual mistake, the action of the trial court in denying a reformation of the instrument and refusing injunctive relief against its alleged violation, being in accord with the great weight of the evidence and the law applicable thereto, can not be disturbed. p. 470.

From Grant Circuit Court; *H. J. Paulus*, Judge.

Action by the Buffalo Specialty Company against the Indiana Rubber and Insulated Wire Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*E. G. Mansfield* and *Condo & Browne*, for appellant.

*H. M. Elliott* and *Miller, Shirley, Miller & Thompson*, for appellee.

HOTTEL, J.—On November 5, 1898, and for some time prior thereto the appellant and appellee were each a corporation engaged in the manufacturing business, viz., appellee was engaged in the business of manufacturing and selling bicycle tires at its factory in Jonesboro, Grant County, Indiana, and the appellant was engaged in the business of manufacturing and selling certain articles known as bicycle specialties, among which, was a liquid compound put up in tin cans to be used in, and applied to, bicycle tires for the purpose of automatically healing and sealing wounds or punctures therein. Prior to said date one Charles Duryea of Peoria, Illinois, had filed with the commissioner of patents a petition praying for a grant of letters patent for an alleged new and useful improvement in vehicle tires and

had assigned his right, title and interest in said improvement to appellee. Under such petition, and the assignment of Duryea's rights thereunder to appellee, letters patent were issued, March 9, 1897, granting to appellee the exclusive right to make, use and vend said invention throughout the United States and the territories thereof for a term of seventeen years from that date. The invention covered by such letters patent was a *process* for treating bicycle tires whereby punctures therein would become automatically closed and sealed, the patented process seeming to consist chiefly in the introduction, use and application of a free flowing liquid in, and into, the air-containing tube of a bicycle tire, so that, in case of puncture, the escaping air from inside the tube forces the sealing agent or liquid into the wound or puncture in such tube and thereby automatically closes it and prevents the escape of air therefrom.

On November 5, 1898, appellee sold and assigned to appellant its said letters patent at the same time taking from appellant an agreement containing the following provisions or grant, viz.,

"A shop license under said letters patent with the privilege to manufacture and use said material or materials in its factory and also in the factory of the Peoria Rubber and Manufacturing Company of Peoria, Illinois; but said second party hereby covenants and agrees not to manufacture for sale, sell nor offer for sale in any wise any of said material, and also that the said Peoria Rubber and Manufacturing Company likewise will not manufacture for sale, nor offer for sale the same, during the continuance of this contract, except in a local retail way from the factories of each of said The Indiana Rubber and Insulated Wire Company and said Peoria Rubber and Manufacturing Company, respectively."

Prior to, and at the time, it sold its letters patent and took its shop license agreement, appellee had been manufacturing and selling from its factory at Jonesboro, and from the factory at Peoria, Illinois, in which appellee was interested, bicycle tires treated by it with the process described in said

letters patent, and it continued to manufacture and sell tires so treated continuously up to 1911, when it was manufacturing and selling from such factories, bicycle tires so treated at the rate of 40,000 or more a year. On the last mentioned date appellant filed its suit in the court below to enjoin appellee from further manufacturing and selling such tires and to recover damages sustained on account of sales already made. Appellant's complaint in said action is in three paragraphs.

In the first and second paragraphs it alleges in substance that by the shop license agreement entered into between it and appellee it was mutually understood and intended that appellee would have the right to treat with said patented process such of the bicycle tires manufactured by it as it might sell in a *local retail way only* from its factories at Jonesboro, Indiana, and Peoria, Illinois, and also such tires as it might manufacture for its use and the use of its friends and employes locally; that they attempted to reduce their verbal agreement to writing, which agreement is set out and that by the mutual mistake and inadvertence of the parties and the scrivener the writing failed to express the agreement as made; that appellee has been and is treating its tires manufactured in its factories with the patented process and is selling from such factories to the public generally 50,000 tires a year, making a profit thereon of $25,000 a year. The prayer of these paragraphs is for reformation of the contract, injunction and damages. The third paragraph of complaint proceeds on the theory that the shop license agreement as written correctly expressed the agreement of the parties and that appellee's manufacture and sale of tires at wholesale and to the public generally is in violation of the proper and legal interpretation of such agreement as written. The first paragraph of complaint is answered by general denial and by special answer by way of estoppel. The record does not disclose any answer to the second and third paragraphs of complaint or

any reply to the special answer, but this omission is not of controlling importance, as this court will assume that a general denial at least was filed to such pleadings.

Appellee filed a cross-complaint in which it is also sought to reform said shop license agreement and have it express the verbal agreement according to its understanding thereof as averred in such cross-complaint, viz., that such shop license agreement in so far as it affected appellee's right to manufacture and sell self-healing tires was to be without limitation, that the only limitation intended by such agreement was a limitation on the right to manufacture and sell the compound or material used in the tires for the purpose of automatically healing or sealing punctures. There was a general denial filed to the cross-complaint. The cause was submitted to the court for trial and before the close thereof appellant "dismissed its claims and demands for the recovery of damages". The court found in favor of appellee and against appellant on the complaint and against appellee on its cross-complaint and that the costs of the action should be taxed against appellant. Judgment was rendered accordingly in favor of appellee.

Appellant filed a motion for new trial which was overruled, and this ruling alone is relied on for reversal. Such motion contains but two grounds, viz., (1) the decision is not sustained by sufficient evidence; and (2) is contrary to law.

The correctness of appellant's contention in its last analysis must depend on the construction or interpretation that should be given to the shop license agreement on 2. which each paragraph of its complaint is based, and the record, as before indicated, shows that appellant, before the close of the trial below, on its own motion, "dismissed its claim and demands for the recovery of damages" so that the only remaining effective relief sought or obtainable by appellant under either paragraph of its complaint is the injunctive relief therein demanded. There is,

of course, the reformatory relief asked in the first and second paragraphs of complaint, but in the absence of a demand for damages such relief is merely preliminary to and of no importance without the injunctive relief demanded. The injunctive relief could not now be granted; even though appellant's interpretation and construction of the shop license agreement be correct, because the rights of both appellant and appellee under such agreement necessarily depend on the letters patent, and with the expiration or death of such letters patent any right or privilege covered by such agreement also died. The record discloses that such patent expired March 9, 1914. It follows that the real and only question presented by the appeal is a moot one, and hence need not be decided by this court. *Brown* v. *Dicus* (1909), 172 Ind. 51, 54, 87 N. E. 716, and cases cited; *State, ex rel.* v. *Lyons* (1909), 173 Ind. 278, 90 N. E. 72; *Dunn* v. *State, ex rel.* (1904), 163 Ind. 317, 71 N. E. 890.

We may add, however, that our examination of the shop license agreement and the evidence in the case convinces us that the judgment below should be affirmed in any event. We do not think said agreement, unaided by extrinsic evidence, susceptible of the interpretation and construction placed thereon by appellant, and, to entitle appellant to the reformation, asked in its first and second paragraphs of complaint, proof of the *mutual mistake* of the parties to the agreement as alleged in such paragraphs was necessary. *Roszell* v. *Roszell* (1887), 109 Ind. 354, 10 N. E. 114; *Baker* v. *Pyatt* (1886), 108 Ind. 61, 9 N. E. 112; *Nelson* v. *Davis* (1872), 40 Ind. 366; 11 Ency. Evidence 44. There was little or no evidence of this character. As to such paragraphs the decision of the trial court is in accord with the great weight of the evidence, and the law applicable thereto.

We find no available error in the record and the judgment below is therefore affirmed.

Note.—Reported in 109 N. E. 782. Mutual mistake as ground for reformation of written instruments, see 3 Ann. Cas. 444. See, also, under (1) 3 Cyc. 288, 290; (2) 2 Cyc. 533, 535; 3 C. J. 360, 364; (3) 3 Cyc. 370; 34 Cyc. 986.