Carlson v. The State.

---

CARLSON v. THE STATE.

[No. 17,819. Filed September 25, 1896.]

RECORD.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*— The filing of the longhand manuscript of the evidence must be antecedent to its being incorporated into the bill of exceptions.

SAME.—*Bill of Exceptions.—Instructions.*—Instructions in order to become a part of the record must be copied by the clerk.

From the Tippecanoe Circuit Court. *Affirmed.*

*Davis & Bright,* for appellant.

*W. A. Ketcham,* Attorney-General, and *F. E. Matson,* for State.

JORDAN, J.—Appellant was charged by indictment with feloniously entering a certain dwelling house in the day time and attempting to commit a felony therein. Upon a trial before a jury, he was convicted, and over his motion for a new trial, was sentenced, upon the verdict, to be imprisoned in the State's prison. The only error assigned in this court is based upon the overruling of the motion for a new trial.

The questions presented for our consideration by counsel for appellant, relate to the sufficiency of the evidence to support the verdict and to the alleged

error of the court in giving certain instructions to the jury. We cannot consider and determine these questions upon their merits, for the reason that neither the evidence nor the instructions of which appellant complains are properly in the record. The evidence upon the trial was taken down by an official reporter, and an attempt has been made to certify the original longhand manuscript to this court under section 1 of an act approved March 7, 1873. Acts 1873, p. 194.

The certificate of the trial judge shows that the bill of exceptions was presented to him and signed on November 19, 1895. From the certificate of the clerk it appears that the official report of the evidence, and the bill of exceptions, were filed in his office on November 21, 1895. It is settled by the decisions of this court that the filing of the longhand manuscript of the evidence must be antecedent to its being incorporated into a bill of exceptions by the signature of the judge to such bill. This is the evident requirement of the statute to which we have referred. *DeHart* v. *Board, etc.,* 143 Ind. 363; *Smith* v. *State, ante,* 176. An attempt has also been made to incorporate into the bill of exceptions along with the stenographer's report of the evidence, the instructions in controversy, and to certify them to this court in like manner as the longhand evidence, without being copied by the clerk. Such procedure is not authorized.

For the reasons stated, it follows that the evidence and instructions are not in the record.

Judgment affirmed.