## Manley v. Felty.

[No. 17,924.   Filed November 6, 1896.]

PLEADING.—*Action on Note and Mortgage.—Sufficiency of Answer.*— In an action on a note and to foreclose the mortgage security, an answer alleging that defendent has fully paid "all the notes and items charged and mentioned in the complaint" is sufficient to cover the obligations of both the note and the mortgage. *p. 199.*

FRAUD.—*Attorney and Client.—Excessive Fees.*—Where an attorney at law makes false statements to his client as to the value of land of which such client is an heir, and as to the value of attorney's fees in asserting claim against an adverse claimant, and falsely states to such client that such adverse claimant has employed all the attorneys in the town, such client being uneducated and uninformed as to the value of the land, and uninformed as to what steps had been taken in the premises by the adverse claimant, such false statements on the part of the attorney constitute fraud, available as a defense to a note given to the attorney for excessive fees. *p. 200.*

APPEAL AND ERROR.—*When Rulings of the Trial Court are Correct for Reasons Other Than Counsel Presents.*—The Supreme Court will not reverse the ruling of the trial court, if correct, even though counsel in support thereof should not give the correct reasons for the holding. *p. 198.*

SAME.—*Longhand Manuscript of Evidence, When Filed.—Bill of Exceptions.*—The longhand manuscript of the evidence must be filed with the clerk before it is incorporated in the bill of exceptions. *p. 201.*

From the Jay Circuit Court. *Affirmed.*

*Headington & LaFollette,* and *P. B. Manley,* **for** appellant.

*LaFollette & Adair,* and *France & Merryman,* **for** appellee.

HACKNEY, J.—Suit by the appellant upon a note by the appellee for $1,000.00, with a credit of $522.00, and to foreclose a realty mortgage securing the same. Answer in four paragraphs: 1. No consideration. 2. That all of the balance sued for, excepting $100.00 principal and $10.00 attorney's fees, was promised without consideration. 3. Answering as to all but $110.00, alleges that one Felty died intestate in Adams county, the owner of a large amount of real and personal property; that appellee was his only heir at law and entitled, by descent, to all of said property; that a Mrs. Beerbower claimed to be the lawful widow of the decedent, and had procured herself to be appointed administratrix of the estate; that she claimed the whole of said estate and denied that the appellee was an heir of the decedent; that the appellant, a practicing attorney in Adams county, was aware of the condition of said estate and the contention about the heirship and ownership thereof; that the appellee was a farmer, uneducated in business affairs generally, and unable to read or write, and had had no experience in business or in legal controversies and no knowledge of the extent or value of attorney's services, all of which was known to the appellant when he went to the appellee and told him that he was the rightful owner of all of said property; that it would require a law suit to obtain it from Mrs. Beerbower, whose sons were shrewd and experienced business men and were assisting her to maintain her claim to the property, and had employed all the lawyers in De-

catur to represent her; that it would take a great deal of work and expense to fight the case and recover the property from her; that he could and would recover for appellee all of said property; that the attorney's fees therefor would be reasonably $1,000.00, and that no lawyer could be employed for less. It was alleged that all of the statements by the appellant were false and were made fraudulently and for the wrongful purpose of inducing the appellee to execute a note and mortgage for $1,000.00. It was further alleged that the appellant had falsely and fraudulently represented the value of said real estate to be $4,000.00, when it was worth but $2,000.00; that the appellee was unacquainted with the value of real estate in the locality of that in question, and fully relied upon the appellant's statement; that he relied upon and believed all of the appellant's statements, and in reliance thereon did execute the note and mortgage in suit; that no litigation was had, but instead the case was compromised by the appellant, Mrs. Beerbower receiving half the real estate and all of the personal, and executing her note for a difference of $500.00, and the appellee receiving real estate of the value of $1,000.00; that the appellant obtained and appropriated from said note $350.00, and that the services rendered were worth but $50.00, to which should be added $5.00 as an attorney's fee on said amount. The fourth answer was that appellee had "fully paid said plaintiff all the notes and items charged and mentioned in the * complaint long before * suit."

The appellee filed also a cross-complaint alleging the same facts alleged in the third answer, and seeking a cancellation of the note and mortgage and the quieting of his title against the appellant.

Demurrers were overruled as to each answer and as to the cross-complaint. Issue was joined and a trial

resulted in a finding and decree in favor of the appellant for $141.24, and the foreclosure of the mortgage. A motion for a new trial was overruled, exceptions were reserved, and the several rulings mentioned are here assigned as error.

The sufficiency of the first answer is not questioned; that of the second is expressly conceded; that of the third involves the same questions presented as against the cross-complaint, and the fourth is objected to as not broad enough to cover the entire cause of action sued upon. The allegation: "All the notes and items charged and mentioned in the complaint" was sufficient, in our opinion, to cover the obligations of both the note and the mortgage as pleaded in the complaint and was not objectionable upon demurrer.

The sufficiency of the third answer and of the cross-complaint is attacked by counsel for the appellant as not alleging positive fraud, since, as claimed, the allegations consist in mere opinions and predictions as to the extent of service necessary, the value of lands, and the extent of resistance by Mrs. Beerbower, and since no allegation was made as to diligence on the part of the appellee to learn and act upon the truth in any of the matters in which he alleges he was deceived by the appellant. Their sufficiency is attacked also as not alleging facts constituting constructive fraud. Counsel for the appellee do not seek to uphold the ruling of the lower court upon the first proposition, that as to positive fraud. It is neither claimed that an allegation of diligence was made, nor that it was unnecessary, but it is urged that the relation of attorney and client existed and required from the appellant the utmost good faith, and permitted the appellee, without investigation, to rely upon the statements and representations of the appellant, and that the burden rested upon the appellant to prove the truth and good faith

of his statements and representations. In other words, the contention of counsel for the appellee is, that each of the pleadings in question alleges constructive fraud in procuring the note and mortgage for an excessive sum.

Though counsel should not give the correct reason supporting the ruling of the trial court, if it is apparent that the ruling was correct, this court will not reverse the ruling. Otherwise the value of a decision as authority would depend, not upon the allegations of the pleading upheld or condemned, nor upon the reasoning of the court in its decision, but upon the strength of the reasons given by counsel for or against the pleading.

Upon the question of diligence, it has been settled that a contracting party may rely on the express statement of an existing fact, the truth of which is unknown to him, but which is asserted by the other contracting party, as a basis for mutual agreement. *Kramer* v. *Williamson*, 135 Ind. 655; *Jones* v. *Hathaway*, 77 Ind. 14; *Union, etc., Ins. Co.* v. *Huyck*, 5 Ind. App. 474; *Frenzel* v. *Miller*, 37 Ind. 1.

Of course, this proposition must be regarded in the light of another which is equally well settled, that one may not rely upon the truth of a statement which he knows to be untrue, or which is manifestly false. It is true that, ordinarily, mere representations as to value are not sufficient to support the charge of fraud. *Shade* v. *Creviston*, 93 Ind. 591; *Hartman* v. *Flaherty*, 80 Ind. 472; *Cagney* v. *Cuson*, 77 Ind. 494; *Neidefer* v. *Chastain*, 71 Ind. 363; *Kennedy* v. *Richardson*, 70 Ind. 524. But, as said in 1 Bigelow on Fraud, p. 496: "The rule however that representations of value will not be considered by the courts is not universal; we have elsewhere seen that if a fiduciary or confidential relation exists between the parties, representations of value

made by the party holding the position of trust or confidence have the same effect as ordinary representations of fact. And these probably are not the only cases in which the law will take notice of such representations. If one of the parties to a sale assumes to have special knowledge of the value of the property, in regard to which the other, being known to be ignorant, trusts entirely to the good faith of the former, to the former's knowledge, it may be very proper to treat representations of value as standing upon the same ground as representations of fact."

To the latter proposition are cited *Stover's Adm'rs* v. *Wood*, 26 N. J. Eq. 417; *Bradbury* v. *Haines*, 60 N. H. 123; *Estell* v. *Myers*, 54 Miss. 174; *Picard* v. *McCormick*, 11 Mich. 68; *Simar* v. *Canady*, 53 N. Y. 298; *Cruess* v. *Fessler*, 39 Cal. 336, and other cases. We have examined the cases cited and find that they support the text.

In *Picard* v. *McCormick, supra,* it was said: "In the case before us the alleged fraud consisted of false statements by a jeweler to an unskilled purchaser of the value of articles which none but an expert could be reasonably supposed to understand. The dealer knew of the purchaser's ignorance, and deliberately and designedly availed himself of it to defraud him. We think it cannot be laid down as a matter of law that value is never a material fact; and we think the circumstances of this case illustrate the impropriety of any such rule."

In the present case, as to the services required and their value, the appellant, by reason of his profession, must be held to possess special knowledge and skill, and the appellee alleges his dense ignorance; the appellant's knowledge of that fact, his own reliance upon the appellant who designed to deceive the appellee. These allegations would bring the case within the

rules quoted from Bigelow. We are not prepared to say, in this case, that the false representation of the value of the land, as alleged, falls within the general rule that the mere exaggerations of value, in puffing one's goods which he desires to sell, must be expected from the vendor, and cannot be relied upon by the vendee. Here a false statement is alleged with reference to the value of an estate, not for the purpose of inducing the appellee to purchase, but to excite his interest, to magnify the stake for which the litigation must be waged, to induce the impression that Mrs. Beerbower, in whose behalf all of the attorneys of Decatur had been employed, would make a vigorous defense against the claim and altogether excuse a charge of $1,000.00, where, as alleged, the service was worth but $50.00.

The false representation that all of the attorneys of Decatur had been employed was a representation as to an existing fact, it was not a mere prediction, nor a simple opinion, but was made as the basis of an extravagant overcharge for services.

The argument of counsel includes a discussion of the question as to whether the rule does not apply here that, where the relation of attorney and client exists it must appear that the advantage gained by the attorney was conscionable and altogether fair. If this rule applies it is apparent that the alleged false statements of the appellant not only tended to induce the exorbitant obligation of the appellee, but actually did overreach him. It is not necessary to our decision that we pass upon this question, and we only cite some of the cases which hold that the relation of attorney and client arises concurrently with the execution of the contract of employment, and requires good faith on the part of the attorney in disclosing the facts within his knowledge upon which the compensation

may properly be measured. *White* v. *Whaley*, 40 Howard Pr. 353; *Ryan* v. *Ashton*, 42 Ia. 365. The pleadings, in our opinion, were sufficient in charging positive fraud.

Other questions are discussed upon the motion for a new trial, all depending upon the evidence, but the appellee's objection to a consideration of the evidence must prevail. It is certified by the clerk, "that on the 31st day of May, 1895, the official shorthand reporter, who took down the evidence in said cause, filed in my office his longhand transcript and manuscript thereof, and the plaintiff at the same time filed his bill of exceptions, which longhand manuscript was made a part thereof, which is the same manuscript of the evidence incorporated in the bill of exceptions."

In the recent case of *Carlson* v. *State*, 145 Ind. 650, it was said: "It is settled by the decisions of this court that the filing of the longhand evidence must be antecedent to its being incorporated into the bill of exceptions by the signature of the judge to such bill."

To the same effect are the cases of *Marvin* v. *Sager*, 145 Ind. 261; *Holt* v. *Rockhill*, 143 Ind. 530; *Smith* v. *State*, 145 Ind. 176; *DeHart* v. *Board, etc.*, 143 Ind. 363; *Beatty* v. *Miller, post* 231.

The most favorable construction of this record for the appellant is, that the longhand manuscript and the bill of exceptions were filed at the same time, and that the former had not been filed before it was incorporated in the bill.

The judgment of the circuit court is affirmed.