Hamrick, Trustee, *v.* Loring *et al.*

---

## HAMRICK, TRUSTEE, *v.* LORING ET AL.

[No. 17,799.   Filed Nov. 11, 1896.   Rehearing denied March 10, 1897.]

APPEAL AND ERROR.—*Final Judgment.*—A trial finding and judgment, declaring the priority of certain claims against an estate in the hands of an assignee, is not an interlocutory order but a final judgment from which an appeal will lie. *p. 231.*

SAME.—*Bill of Exceptions.*—*Longhand Manuscript of Evidence.*—Where it is not disclosed by the record that the longhand manuscript of the shorthand report of the evidence was filed in the clerk's office before being incorporated in the bill of exceptions and the evidence is not copied by the clerk, but the original is sought to be made a part of the record, the evidence is not properly in the record, although the bill of exceptions contains a certificate of the clerk to the effect that on the day named, being the same day upon which the bill of exceptions was filed, the longhand manuscript of the evidence was filed in his office and is the same which is embodied in the bill of exceptions. *pp. 231, 232.*

SAME.—*Bill of Exceptions.*—*Motion to Modify Judgment Must be Brought Into Record.*—No question is presented in this court as to the action of the trial court in overruling a motion to modify a judgment where neither the motion nor the reason therefor has been brought into the record by a bill of exceptions. *p. 232.*

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Mortgaged Chattels.*—*Lien of Mortgage Transferred to Funds Arising From Sale of Mortgaged Property.*—Where an assignee sells mortgaged property the lien of the mortgage is transferred to the fund arising from the sale; and on petition of the parties claiming under the mortgage the court may direct the distribution thereof according to priorities. *pp. 233, 234.*

SAME.—*Distribution of Funds Arising From Sale of Mortgaged Property.*—*Presumption.*—Where the court on petition of the parties or-

dered the distribution of funds arising from the sale of mortgaged chattels by an assignee according to priorities, and the evidence on which the court made such distribution is not in the record, the action of the court will be presumed correct. *pp. 234, 235.*

From the Marion Circuit Court.  *Affirmed.*

*Newton M. Taylor*, for appellant.

*Kealing & Hugg, Claypool & Claypool, Morris, Newberger & Curtis*, and *W. A. Pickens*, for appellees.

HACKNEY, J.—The appellant was the trustee of the estate of Lawrence A. Nageleison by the voluntary assignment of the latter for the benefit of his creditors.

The appellees, William Loring and others, by original and amended petitions, sought, in the lower court, in which such assignment was pending, allowances against said estate, and, as to the proceeds of the sale of certain chattels, a preference as against general creditors and as against the trustee for the services of himself and his attorneys in said trust. The preference was claimed to arise in favor of the appellees and others by reason of a chattel mortgage executed by the assignor to Loring, securing his claim and indemnifying and saving him from the payment of claims owing by the assignor and Loring, to the appellees and such others. The appellant also sought an allowance for himself and his attorneys on account of services rendered in the execution of said trust. Issues were formed upon the various petitions and, by agreement of all parties, the matters at issue upon the several petitions were consolidated and submitted to the court for trial, finding and judgment upon one hearing.

A trial resulted in a finding and judgment declaring the several sums due the appellees and others from said estate, declaring the priority of such claims, and directing the appellant to pay into the clerk's office, from the funds arising from the sale of the mortgaged

chattels, a specified sum for the payment of such pre-
ferred claims. It was adjudged, also, that said trustee
take from said funds no part thereof on account of
his services or those of his attorneys, until all of said
preferred claims were fully paid. Five of seven speci-
fications of appellant's motion to modify the judgment
were overruled, and his motion for a new trial was
overruled. These are the only rulings of the trial
court assigned as error.

Appellees have moved this court to dismiss the ap-
peal for the alleged reason that it is not from a final
judgment or an interlocutory order from which an ap-
peal lies. The arguments turn upon the question as to
whether the record discloses an appeal from a mere
order of distribution upon a current report, or from a
judgment finally determining the rights of claimants.
We have sufficiently stated the questions presented
to the trial court to show that the appellees are in
error in their contention upon this question, and the
motion cannot prevail.

Another contention on behalf of the appellees is
that the evidence is not properly in the record, and
that no question involving it can be considered. The
transcript contains a bill of exceptions signed by the
trial judge and filed in the clerk's office on a day
named. This bill contains what purports to be the
original longhand manuscript of the shorthand re-
ports of the evidence, but the record in no manner dis-
closes the filing of this manuscript in the clerk's office
before it was incorporated in such bill, nor otherwise
than as a part of the bill. This failure violates the
statutory requirement, where the evidence is not cop-
ied by the clerk and where the original is sought to be
made a part of the record. Section 1476, Burns' R. S.
1894 (1410, R. S. 1881); *DeHart* v. *Board, etc.,* 143
Ind. 363; *Beatty* v. *Miller,* 146 Ind. 231; *Carlson* v.

*State,* 145 Ind. 650; *Marvin* v. *Sager,* 145 Ind. 261; *Smith* v. *State,* 145 Ind. 176; *Holt* v. *Rockhill,* 143; Ind. 530.

It is true that within the bill of exceptions there is a certificate of the clerk of the trial court to the effect that on a day named, being the same day upon which the bill of exceptions was filed, the longhand manuscript of the evidence was filed in his office and is the same which is embodied in the bill of exceptions. This certificate, if we observe it as a proper method of disclosing the fact of a filing, does not advise us whether such filing was as a part of the bill, was separate from it, or was before or after the filing of the bill. All that the clerk certifies may be true and the manuscript may have been filed after the bill of exceptions was filed. From the facts disclosed the clerk may have judged that the filing of the bill, including the manuscript, was a filing of the manuscript. We must hold, therefore, that the appellees' contention in this respect shall prevail.

It is insisted, also, for the appellees, that no question arises for consideration in this court upon the action of the trial court in overruling the appellant's motion to modify the judgment, for the reason, as urged, that neither the motion nor the reasons therefor, have been brought into the record by a bill of exceptions. This insistence, under our practice, must prevail. *Russ* v. *Russ,* 142 Ind. 471; *Quill* v. *Gallivan,* 108 Ind. 235; *Forsythe* v. *Kreuter,* 100 Ind. 27; *Whipple* v. *Shewalter,* 91 Ind. 114; *Evansville, etc., R. R. Co.* v. *Frank,* 3 Ind. App. 96; Elliott's App. Proced., section 817.

In the transcript we find a motion to modify the judgment, but it does not form a part of the record by order of court or by bill of exceptions.

The questions submitted by counsel for the appel-

lant as causes for the reversal of the judgment of the trial court are: 1. The admission of certain evidence. 2. The allowance of certain claims without petitions or complaints by the holders of such claims. 3. The allowance of such as preferred claims. 4. The allowance of certain claims for which petitions were filed. 5. The allowance of such as preferred claims. 6. Holding that the claims allowed were paramount to appellant's claim for services. 7. "That the court erred in its judgment and decree that the appellant should pay out of his own private funds any deficit that there might be between the amount of said claims and the amount in his hands as trustee and that he should pay the costs of the assignment out of his own private funds."

The decree finds that the mortgaged property sold for $2,412.75; that there was a prior mortgage for $1,201.25, or a difference of $1,211.50, and that $985.03 should be paid to the clerk for the adjustment of the claims of those whose claims were secured by and indemnified against in the mortgage to Loring. A balance of $226.47 from this fund would remain in the hands of the trustee, together with any funds derived from other sources, for the payment of the costs of administering the trust and the general creditors. Without resorting to the evidence we cannot know that this balance would not be abundant for all such purposes, and we cannot learn of the force of the objection that certain evidence was admitted. There was no express direction to the trustee to pay any sum, for any purpose, from his private funds and we can not know that such was the effect of the order made, without looking to the evidence to learn what, if any, funds have been expended by him, and what balance remains from which to comply with the order made.

The appellant does not dissent from the proposition

that his sale of the mortgaged property, freed from the lien of the mortgage, transferred the lien to the fund arising from the sale.    On the contrary he expressly agrees to that proposition and we have no doubt it is correct.    *Stix* v. *Sadler*, 109 Ind. 254; *Gifford* v. *Black*, 22 Ind. 444.

In *Hasseld* v. *Seyfort, Assignee*, 105 Ind. 534, in speaking of the purpose and effect of the voluntary assignment statute, this court said:    The "purpose is to carry into the trust all of the assignor's property, and that where a person takes advantage of its provisions and makes an assignment for the benefit of his creditors, he thereby places his property in the custody of the court, to be disposed of by the assignee under the direction and control of the court."    See, also, *Grubbs* v. *Morris*, 103 Ind. 166.

The equities are strongly in favor of the court's action in requiring the special fund to be first applied to special claims, and, since that equity was, primarily, in favor of Loring, whose pleading was broad enough to enlighten the court as to the claims of those entitled, upon his theory, to preference, it may have been proper to direct the distribution of such special fund to the payment of such special claims.    It was not the decree of the court that Loring should recover the amount of the several claims against which he had been indemnified; and the contention of the appellant that one indemnified cannot, in the absence of an express promise on the part of the mortgagor to pay, recover in his own behalf until he has discharged the debt, has not been violated by the action of the court. Having the whole subject before it, and being empowered to direct the manner of expending the special fund, and equity having apparently been done by the court, we do not observe that the appellant has been harmed by the decree.    We cannot resort to the evi-

State, *ex rel.* Shuler, Trustee, *v.* Board of Com'rs of Fountain County.

dence to determine that he has been injured, or that general creditors will suffer, and we must presume in favor of the action of the court. The judgment is affirmed.