Rogers *et al. v.* Eich.

---

ROGERS ET AL. *v.* EICH.

[No. 17,916.   Filed November 13, 1896.]

146  235
146  257
147  220
147  302
147  576
146  235
148  175

DEED.—*Delivery.*—*Parol Agreement to Convey Real Estate.*—A parol agreement to convey real estate, followed by the signing and proper acknowledgment of a deed which is never delivered, vests no title in the grantee.

APPEAL AND ERROR.—*Longhand Manuscript.*—*How Incorporated in Bill of Exceptions.*—It must affirmatively appear from the record that the longhand manuscript of the evidence was filed in the office of the clerk before it is incorporated in the bill of exceptions.

From the Rush Circuit Court. *Affirmed.*

*Cortez Ewing* and *Davison Wilson*, for appellants.

*B. F. Bennett* and *T. E. Davidson*, for appellee.

JORDAN, J.—Appellee commenced this action to foreclose certain mortgages executed by the appellants upon the real estate therein described. Appellant, Patrick Rogers, filed his answer in four paragraphs, the first being a general denial, the second averred payment, and the third alleged that the defendant had sold and conveyed to the plaintiff the mortgaged premises for the sum of $4,250.00, which amount it was alleged was due and unpaid, and he sought to set off this amount against plaintiff's demand and prayed judgment over for the remainder due. The fourth paragraph was by way of cross-complaint, and it averred a sale and conveyance of the mortgaged realty by the defendant, Rogers, to the plaintiff for the agreed price of $4,250.00, which it alleged he had failed to pay, and a vendor's lien was sought to be enforced against the land for the said purchase-money.

A trial resulted in a special finding of facts and conclusions of law in favor of appellee, upon which he was awarded a judgment foreclosing the mortgages in controversy. After finding the facts necessary to entitle appellee to recover upon his notes and mortgages in suit, the special finding proceeds as follows:

"3. That on or about the 18th day of October, 1894, said Patrick Rogers proposed to the plaintiff to sell him the real estate, above described, for the sum of $4,250.00. The land to be taken subject to the taxes on the same for the last half of 1894, possession to be given October 1, 1895, grantors to have the right to remove crops raised and matured on the land during the year 1895, but the grantee to have the right to sow small grain on the farm in the fall of 1895. The notes held by plaintiff against said Patrick Rogers, including a note for $60.00, dated May 31, 1892, seven per cent. interest to be taken at their amounts in cash by

said plaintiff. That said proposition was accepted by plaintiff, but that no writing or memorandum was made or signed by either of the parties embodying the terms of said contract, but that the same rested wholly in parol. That afterward, on said day, a deed of conveyance embodying the terms of said contract was drawn, signed and acknowledged by said Patrick Rogers and Annie Rogers, his wife; that at the time of the pending of said negotiations for the sale of the land there was a misunderstanding and disagreement between the parties as to the amounts due on said notes, sued on in this action, amounting to the sum of $560.00, of which disagreement the plaintiff had at the time no knowledge.

"4. That the said deed of Patrick Rogers was never delivered."

The theory of both the third and fourth paragraphs of the answer under which appellant, Patrick Rogers, sought to secure affirmative relief, was that prior to the commencement of the action there had been a sale and conveyance by deed of the lands embraced in the mortgages mentioned in the complaint, by him to the appellee, and that the title to the real estate in dispute had been, by means of this deed of conveyance, vested in the latter. The burden rested upon appellant to establish these essential facts, before he was entitled to a recovery under either of the aforesaid mentioned paragraphs of his answer.

The special finding discloses that, on October 18, 1894, a proposition was made to sell the real estate to appellee for $4,250.00, which proposition was accepted by the latter; that the said proposition to sell the land upon the part of appellant, and the acceptance thereof upon appellee's part, "rested wholly in parol." That subsequently to said date a deed of conveyance em-

bracing the terms of the contract was signed by the appellants, but *never delivered*.

Under the issues, it is evident that these facts would not warrant a conclusion of law in favor of appellant. A delivery of a deed is essential to complete its execution, and in the absence of a delivery it has no valid existence, as a deed of conveyance, and therefore does not serve to vest title in the grantee. *Freeland* v. *Charnley*, 80 Ind. 132; *Anderson* v. *Anderson*, 126 Ind. 62.

As the finding discloses that the alleged agreement to sell and convey the realty was not carried into effect by the execution of a deed conveying the title to appellee, it is manifest, we think, that under the issues there could be no recovery of the alleged purchase-price. The court did not err in its conclusions of law.

The evidence introduced upon the trial was taken down by an official reporter, and it is sought to have the original longhand manuscript certified to this court. It does not affirmatively appear that the longhand manuscript was first filed in the office of the clerk before it was incorporated into the bill of exceptions, and under the holding of this court in *Carlson* v. *State*, 145 Ind. 650, and in *Manley* v. *Felty*, *ante* 194, the evidence cannot be considered as properly in the record. But disregarding this question, we have read and considered the evidence, and are of the opinion that it sustains the finding of the court, and that it would not have authorized a finding of facts in favor of the appellant's right of recovery.

Judgment affirmed.