PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAIL-
WAY COMPANY *v.* COPE.

[No. 1,915.   Filed January 15, 1897.]

APPEAL AND ERROR.—*Longhand Manuscript of the Evidence, How
Incorporated in Bill of Exceptions.*—The record must affirmatively
show that the longhand manuscript of the shorthand report of the
evidence was filed in the clerk's office before. the filing of the bill
of exceptions, and not at the same time and as a part thereof.

SAME.—*Instructions.*—*Evidence not in Record.*—It will be presumed
on appeal, the evidence not being in the record, that the instruc-
tions asked and refused were refused because not applicable to the
case made by the evidence; and that the instructions cannot be re-
garded as erroneous if they would be correct under any state of
facts admissible under the issues.

From the Henry Circuit Court.   *Affirmed.*

*L. P. Newby* and *John L. Rupe,* for appellant.

*John M. Morris, James Brown* and *Samuel H. Brown,*
for appellee.

HENLEY, J.—Appellee began this action against the
appellant to recover damages on account of the de-
struction of his saw mill by fire, which fire, it is al-
leged in the complaint, was caused by the negligent
act of appellant.

There was a trial of the issues joined, resulting in a
verdict and judgment for the plaintiff, over defend-
ant's motion for a new trial.

The errors complained of in the motion for a new
trial are the admission of certain evidence, the giving
and the refusal of the court to give certain instruc-
tions, and that the verdict was contrary to the law
and the evidence.

Counsel for appellee urge with much earnestness
that the evidence is not in the record, and as most of
the questions presented here for decision could not be
decided without the evidence, we will first determine
that matter.

.It is imperative that the longhand manuscript of the evidence should have been filed in the clerk's office before it was incorporated in the bill of exceptions. Section 1476, Burns' R. S. 1894; *DeHart* v. *Board, etc.*, 143 Ind. 363; *Marvin* v. *Sager*, 145 Ind. 261; *Rogers* v. *Eich*, 146 Ind. 235; *Hamrick* v. *Loring* (Ind. Sup.) 45 N. E. 107; *Manley* v. *Felty*, 146 Ind. 194; *Chicago, etc., R. W. Co.* v. *Wagner*, (Ind. App.) 45 N. E. 76.

The courts of the state have gone to the extent of holding that the record must *affirmatively* show that the longhand manuscript of the shorthand report of the evidence was filed in the clerk's office before the filing of the bill of exceptions, and not at the *same time* or as a *part of* the bill of exceptions. *Hamrick* v. *Loring, supra.*

In the last mentioned case, Judge Hackney, delivering the opinion of the court, says:

"The transcript contains a bill of exceptions, signed by the trial judge, and filed in the clerk's office on a day named. This bill contains what purports to be the original longhand manuscript of the shorthand report of the evidence, but the record in no manner disclosed the filing of this manuscript in the clerk's office before it was incorporated in such bill, nor otherwise than as a part of the bill. This failure violates the statutory requirement, where the evidence is not copied by the clerk, and where the original is sought to be made a part of the record. * * * It is true that within the bill of exceptions there is a certificate of the clerk of the trial court to the effect that on a day named, being the same day upon which the bill of exceptions was filed, the longhand manuscript of the evidence was filed in his office, and is the same which is embodied in the bill of exceptions. This certificate, if we observe it as a proper method of disclos-

ing the fact of a filing, *does not advise us whether such filing was as a part of the bill, was separate from it, or was before or after the filing of the bill.* All that the clerk certifies may be true, and the manuscript may have been filed after the bill of exceptions was filed. From the facts disclosed, the clerk may have judged that the filing of the bill, including the manuscript, was a filing of the manuscript. We must hold, therefore, that the appellees' contention in this respect shall prevail."

And in *Rogers* v. *Eich, supra,* the Supreme Court, by Jordan, J., says: "The evidence introduced upon the trial was taken down by an official reporter, and it is sought to have the original longhand manuscript certified to this court. *It does not affirmatively appear that the longhand manuscript was first filed in the office of the clerk before it was incorporated into the bill of exceptions,* and under the holding of this court in *Carlson* v. *State,* 145 Ind. 650, and in *Manley* v. *Felty,* 146 Ind. 194, the evidence cannot be considered as properly in the record."

And in the case of *Manley* v. *Felty, supra,* the Supreme Court of this State, opinion of Hackney, J., says: "Other questions are discussed upon the motion for a new trial, all depending upon the evidence, but the appellee's objection to a consideration of the evidence must prevail. It is certified by the clerk, 'that on the 31st of May, 1895, the official shorthand reporter, who took down the evidence in said cause, filed in my office his longhand transcript and manuscript thereof, and the plaintiff at the same time filed his bill of exceptions, which longhand manuscript was made a part thereof, which is the same manuscript of the evidence incorporated in the bill of exceptions.'

" In the recent case of *Carlson* v. *State,* 145 Ind. 650, it was said: 'It is settled by the decisions of this court

that the filing of the longhand evidence must be antecedent to its being incorporated into the bill of exceptions by the signature of the judge to such bill.'"

The record in this cause, on page nineteen, shows that on the 6th day of August, 1895, appellant filed its bill of exceptions, numbered one, and on page fifty-three, the following entry occurs:

"And at the same time comes the said defendant and files herein her bill of exceptions No. 2, which is the record of all the evidence given upon the trial of said cause and the objections thereto made and certified by A. D. Ogborn, the official reporter of the Henry Circuit Court, on the request of the said defendant from the shorthand reports of said reporter, and the same being the longhand transcript of such evidence made from such shorthand notes taken by said reporter during the trial of said cause, under oath, and the same duly signed and certified by the judge of said court, as well as by said reporter, is now filed by the defendant as her bill of exceptions No. 2, of the evidence in this cause, to be attached to the transcript therein as a part of the record in this cause on appeal as provided by statute in such cases, which is as follows:"

Then follows the original longhand manuscript of the evidence and following this is the certificate of the clerk of Henry Circuit Court, which, omitting the caption, is as follows:

"I, Charles L. Hernly, clerk of the Henry Circuit Court, do hereby certify that the foregoing transcript is a full, true and complete copy of all the proceedings and order book entries made, and all of the papers now on file in my office, and of the judgment of the court; and that the evidence embodied in the transcript is the identical, original longhand manuscript of the evidence, made by the official shorthand re-

porter, who was duly sworn according to law to report the evidence in said cause as embodied in defendant's bill of exceptions No. 2. In witness thereof I have hereunto set my hand and affixed the seal of the Henry Circuit Court, at Newcastle, Ind., this 21st day of August, A. D. 1895. Charles L. Hernly, Clerk, Henry Circuit Court."

It nowhere affirmatively appears that the longhand manuscript of the evidence was ever filed in the clerk's office before it was incorporated in the bill of exceptions. The certificate of the clerk does not recite that it was ever filed in his office except at the same time, and as a part and parcel of the bill of exceptions.

In fact, the record in the cause affirmatively shows that the longhand manuscript was filed by defendant (appellant) at the same time and as a part of its bill of exceptions. The reasons for the statutory requirements in this regard are fully set out and explained in *DeHart* v. *Board, etc., supra*, and it is not necessary for us to further examine the matter.

As was said in *Manley* v. *Felty, supra*, "the most favorable construction of this record for the appellant is, that the longhand manuscript and the bill of exceptions were filed at the same time, and that the former had not been filed before it was incorporated in the bill."

Under the decisions of this court, and of the Supreme Court of this State, the evidence in this cause is not in the record.

Having held that the evidence is not in the record this court will presume that the instructions asked and refused, were refused because they were not applicable to the case made by the evidence. *Jenkins* v. *Wilson*, 140 Ind. 544; *Holland* v. *State*, 131 Ind. 568; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88. And that the instructions given cannot be regarded

as erroneous if they can be considered correct upon any state of facts admissible under the issues. *Hilker, Admx.,* v. *Kelley,* 130 Ind. 356, 15 L. R. A. 622; *Joseph* v. *Mather,* 110 Ind. 114; *Rapp* v. *Kester,* 125 Ind. 79; *Abrams* v. *Smith,* 8 Blackf. 95.

We have examined the instructions carefully and we are of the opinion that none of the instructions would be erroneous under any state of facts that were admissible under the issues.

The evidence not being in the record the admission or rejection of any part thereof complained of by appellant is not before us, nor is the question whether the verdict is contrary to the law or the evidence presented.

There is no error as shown by the record, the judgment is therefore affirmed.