IN THE

# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1896, IN THE EIGHTY-FIRST YEAR OF THE STATE.

---

PRUITT *v.* FARBER.

[No. 18,047. Filed February 4, 1897.]

APPEAL.—*Longhand Manuscript of Evidence.—Bill of Exceptions.*—
The record must affirmatively show that the longhand manuscript
of the evidence was filed with the clerk before it was incorporated
in the bill of exceptions.

From the Clinton Circuit Court. *Affirmed.*

*Palmer & Palmer,* and *A. H. Boulden,* for appellant.

*Joseph Claybaugh* and *John C. Farber,* for appellee.

JORDAN, C. J.—Appellee instituted proceedings in
ejectment to recover the possession of certain de-
scribed lands, situated in Clinton county, Indiana, of
which he alleged that he was the owner in fee, etc. A
trial resulted in the court awarding a judgment in
favor of appellee. Appellant filed a motion for a new
trial, assigning as the only reasons therefor that the
decision of the court is not sustained by sufficient evi-

dence, and that it is contrary to both the evidence and law. This motion the court overruled, to which appellant excepted, and sixty days were granted to file a bill of exceptions. The only error assigned is that the court erred in overruling the motion for a new trial, and the questions which counsel for appellant seek to present depend entirely upon the evidence.

At the very threshold we are confronted with appellee's contention that the evidence is not in the record for the reasons stated: 1st. That the longhand manuscript of the shorthand report of the evidence introduced upon the trial of the cause is not shown to have been filed with the clerk prior to its being incorporated into the bill of exceptions. 2d. That it does not appear that the bill of exceptions containing the evidence was filed after it was signed by the trial judge. The insistence of the appellant upon the reason first above mentioned must be sustained. The clerk, by an amended and corrected certificate, made in pursuance of an order of this court, certifies that the longhand manuscript of the evidence in this cause was not filed in his office prior to its being incorporated into the bill of exceptions. From this official statement of the clerk it is affirmatively shown that appellant has not complied with the requirement of the statute, which permits the original longhand manuscript report of the evidence to be certified to this court. Acts 1873, p. 194. Consequently, the clerk was not authorized to certify this original longhand report to this court upon appeal.

That the filing of a longhand manuscript in a cause, on appeal to this court, must affirmatively appear to have occurred before such manuscript of the evidence was incorporated into a bill of exceptions, is now a well recognized rule established by repeated decisions

of this court. *Chicago, etc., R. W. Co.* v. *Eggers, post,* 299.

Under this rule it follows that the evidence in the case at bar is not legally in the record, and we are therefore precluded from considering the questions depending thereon.

Judgment affirmed.