IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1897, IN
THE EIGHTY-FIRST AND EIGHTY-SECOND
YEARS OF THE STATE.

---

THE BOARD OF COMMISSIONERS OF JAY COUNTY
*v.* FERTICH.

[No. 1,984. Filed April 2, 1897. Rehearing denied June 3, 1897.]

COUNTY.—*Commissioners Have No Powers Except as Granted by
Statute.*—A county is not liable for an act of the board of commis-
sioners not within the scope of its statutory powers; and of this
fact all persons dealing with the board must take notice. *pp. 4, 5.*
SAME.—*Powers of Commissioners as Board of Health.*—*Preventing
the Spread of Contagious Diseases.*— Sections 6718, 6719, Burns'
R. S. 1894, making the board of commissioners a county board of
health with the duty of protecting the public health by the removal
of causes of diseases, and by preventing the spread of contagious
diseases, do not authorize the board to furnish medical treatment
and medicines to a particular family affflicted with smallpox, where
the family is not shown to be indigent; but only such portion of
the expense as was necessary to prevent the spread of the disease.
*pp. 6, 7.*
APPEAL AND ERROR.—*Special Finding.*—*Record.*—Where a purported
special finding of facts with the conclusions of law thereon, not
signed by the judge, is copied in the transcript by the clerk, and is

not contained in the bill of exceptions, or made part of the record by order of the court, it will be treated as a general finding, and the exception to the conclusion of law presents no question for review. *pp. 8, 9.*

SAME.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*—The record must affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions. *p. 9.*

SAME.—*When New Trial May be Granted for Excessive Recovery, Though the Evidence is Not in the Record.*—Where one of the reasons assigned in a motion for a new trial was that the recovery was excessive, and a general finding of the court contains statements of facts indicating that the amount assessed was too large, a new trial will be granted, though the evidence is not in the record. *pp. 9–11.*

From the Jay Circuit Court.  *Reversed.*

*C. Corwin* and *J. M. Smith*, for appellant.

*J. J. M. LaFollette* and *O. H. Adair*, for appellee.

BLACK, J.—A claim of the appellee, in the form of an account, presented to the appellant, was in part allowed and in part disallowed by the board. The claimant appealed to the court below. There, the claimant filed a second paragraph of complaint. A demurrer for want of sufficient facts was sustained as to the first paragraph, and overruled as to the second.

Issues were formed which were tried by the court. A finding of facts with conclusion of law thereon was rendered and filed by the court, the appellant excepting to the conclusion of law.

The appellant's motion for a *venire de novo* having been overruled, judgment was rendered for the appellee for the sum of $547.88. A motion for a new trial was made by the appellant, which was overruled.

The appellant has assigned in this court that the court below erred, first, in overruling the demurrer to the second paragraph of appellee's complaint; second,

The Board of Commissioners of Jay County v. Fertich.

in the court's conclusion of law on the finding; third, in overruling the motion for a *venire de novo*; fourth in overruling the motion for a new trial.

In the second paragraph of complaint it was alleged, in substance, that on the 16th of October, 1893, the family of George Maitlen, of and within Jay county, was afflicted with smallpox; that the board of county commissioners of said county, acting in their capacity as commissioners of the county and *ex officio* as members of the board of health, for the purpose of quarantining said family and preventing the spread of said disease within said county, and for the better protection of the health of the citizens of said county against the spread of said infection, ordered and directed that the appellee should take charge of said family for said commissioners as such members of the county board of health, and furnish said family with medicine, medical attendance and attention, and furnish them nurses and pay for their services, and do any and all things necessary to successfully quarantine said family and prevent the spread of said disease, and protect, doctor, and treat the members of said family who were or who might be afflicted with said disease, and convert the house into a pest house, and furnish and provide it with all things necessary to properly protect the public from said contagious disease, and in accordance with the order and advice of said board and at their command; that it was necessary for appellee to procure a stove for said pest house, and he did so, for which he paid $3.50; that he was compelled to keep said board informed as to the condition of said family and the spread of said disease, and he did so; that he was compelled to engage nurses and help to quarantine said family, and it was necessary to obtain the services of the secretary of the State Board of Health, and to use the telephone therefor, for

which he paid $4.50, and $12.50 livery hire; that to prevent the spread of said disease he was compelled, under the direction and advice of said board, to employ one Mrs. Blake for the period of thirteen days, and did so, for which services he paid her $60.00; that he was compelled to expend, and did expend, in the prevention of the spread of said disease, for medicine and drugs, which he used under the direction of said board, for said family, $36.53; and for the purpose of disinfecting said house and said family, and for the prevention of the spread of said disease, under the direction and advice of said board, he was compelled to obtain, and did obtain, certain wearing apparel for the members of said family, to take the place of clothing destroyed under the direction of said board, for hosiery and shirts $4.50; three suits of men's clothing at $10.00 per suit; two suits of ladies' wear, $5.00; also three wire cots and freight $4.75; hotel bill, car fare and livery hire, hunting nurses, $15.00; also, thirty-eight days' work and professional services in quarantining said disease, and the protection of the public against its infection and the treatment of said family, $20.00 per day, $760.00; a bill of particulars being filed with the complaint as an exhibit, and made part of the claim; that appellee did and performed all of said services, and procured all of said items and articles, and contracted and incurred all of said expenses, under the direction and orders of said board, and at its instance and request, and by the orders and under the direction of the State Board of Health of this State. Wherefore, etc. A bill of particulars filed with the complaint showed the items and charges mentioned in the complaint, amounting to $932.03.

Counties are involuntary political or civil divisions of the State created by general laws to aid in the administration of the State government. The powers of

the board of county commissioners are limited, being created and defined by statute. For an act done by such board not within the scope of its statutory powers, the county is not liable. Board, etc., v. Allman, 142 Ind. 573; State, ex rel., etc., v. Hart, 144 Ind. 107; Board, etc., v. Hemphill, 14 Ind. App. 219.

The board cannot do any act which is not either expressly or impliedly authorized by statute. Gavin v. Board, etc., 104 Ind. 201; Board, etc., v. Barnes, 123 Ind. 403.

Where the mode of exercising a power by the board is prescribed by statute, that mode must be pursued. Platter v. Board, etc., 103 Ind. 360.

The board has power, at its meetings, to allow all accounts chargeable against the county, not otherwise provided for (section 7830, Burns' R. S. 1894, 5745, Horner's R. S. 1896); but such power is given to enable the board to pay just claims against the county. Board, etc., v. Allman, supra; Gemmill v. Arthur, 125 Ind. 258.

All persons who deal with the board must recognize the limits of its powers, and are bound to take notice that it cannot bind the county by any action not within its statutory authority. Woodruff v. Board, etc., 10 Ind App. 179.

Various provisions are contained in the statutes whereby county boards are authorized to render aid to the poor, including the employment of physicians to attend upon the poor. The claim under consideration cannot be referred to any of these provisions; for it is not shown that Mr. Maitlen, whose family was attended by the appellee, was in indigent circumstances.

We are referred, on behalf of the appellee to the statute relating to boards of health, particular reference

being made to sections 6718, 6719, Burns' R. S. 1894 (4993, 4994, Horner's R. S. 1896), whereby it is provided that the board of commissioners of each county shall constitute a board of health, *ex officio*, for the county, "whose duty it shall be to protect the public health, by removal of causes of diseases, when known, and in all cases to take prompt action to arrest the spread of contagious diseases, to abate and remove nuisances dangerous to the public health, and perform such other duties as may, from time to time be required of them by the State Board of Health, pertaining to the health of the people;" also, to promulgate and enforce all rules and regulations of the State Board of Health, in their respective counties, which may be issued from time to time, for the preservation of the public health, and for the prevention of epidemic and contagious diseases.

Can it be said that these statutory provisions expressly, or by proper implication make allowable against the county the account for medical services rendered and for medicines furnished by the appellee in the treatment of the family of Mr. Maitlen for smallpox, under the circumstances shown by the complaint?

Effect can be given to these statutory provisions without attributing to them such operation, and, construing them in contemplation of the purposes of the entire statute in which they are found, the obvious intent of the legislature may be accomplished without so far extending the effect of these provisions.

The purpose of the statute is not to furnish, free of expense, medical treatment and medicines to individual persons afflicted with disease of any character (though under other statutes such aid may be given to the poor), but it is to protect the public health, the health of the people at large, by preventive measures.

It is made the duty of the county board of health to

seek to accomplish such purpose by the removal of causes of diseases, by arresting the spread of contagious diseases, by abating and removing nuisances dangerous to public health, and by complying with requirements of the state board pertaining to the health of "the people."

In carrying such purpose into effect according to the meaning of the statute, it might become the duty of the county, under particular circumstances, to supply medical service, medicines, nurses, shelter, fuel, food, and raiment for patients taken for the time being under the control of the board, and placed in such situation that such provision would be a necessary part of the protection of the public health. We do not mean to indicate what would be the proper conclusion in this regard in other cases than that which we now have to decide.

Where, as in this case, the patients remain in their own home, and are not shown to be indigent, but for all that appears are amply able to pay for medical treatment of the disease with which they are afflicted, and the case differs from other cases of illness in the fact that the disease is contagious, and that, therefore, for the protection of the public health, they are quarantined, we are of the opinion that the only expenses which should fall upon the county, within the intent of the statute, are such expenses as are properly attributable to measures taken for the prevention of the spread of the disease. See Wilkinson v. Albany, 28 N. H. 9; McIntire v. Pembroke, 53 N. H. 462; Labrie v. Manchester, 59 N. H. 120; Staples v. Plymouth County, 62 Ia. 364, 17 N.W. 569.

The expenses assumed by the county should not be too narrowly confined. The county board of health should be regarded as having authority sufficient to protect the public health. The afflicted persons should

not be required to defray expenses not incurred for their own benefit. Expenses authorized by the board of health for the public benefit should be defrayed by the benefited public.

So far as indebtedness is incurred, not upon the credit or under the contract of the afflicted person, but by direction of the board or by its authority, which are occasioned by reason of the measures taken by the board to protect the public health by preventing the spread of the disease, to that extent payment should be made by the county. The particular items of expense for which allowance should be made will vary with changed circumstances, and only the general principle which should govern the board in making allowances can be here pointed out.

The appellant allowed a part of the account presented, and it is admitted in its brief that a portion was properly allowable. This is, in effect, an admission that the complaint showed a cause of action, and is a waiver of the assignment relating to the overruling of the demurrer to the second paragraph of the complaint.

The statute provides: "Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the parties request it, with a view to excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall first state the facts in writing, and then the conclusions of law upon them, and judgment shall be entered accordingly," etc. Section 560, Burns' R. S. 1894 (551, Horner's R. S. 1896).

A special finding of facts with the court's conclusion of law thereon, without any signature of the judge, appears in the transcript, inserted by the clerk, and not contained in a bill of exceptions or made part of the record by order of the court.

Under many decisions, a finding thus presented in the record must be treated as a general finding, and the exception to the conclusion of law presents no question for review. *Branch* v. *Faust*, 115 Ind. 464; *Conner* v. *Town of Marion*, 112 Ind. 517; *Bake* v. *Smiley*, 84 Ind. 212; *Wallace* v. *Kirtley*, 98 Ind. 485; *Levy* v. *Chittenden*, 120 Ind. 37; *Ferris* v. *Udell*, 139 Ind. 579; *Smith* v. *Davidson*, 45 Ind. 396; *Shane* v. *Lowry*, 48 Ind. 205; *Caress* v. *Foster*, 62 Ind. 145; *McClellan* v. *Bond*, 92 Ind. 424; *Rennick* v. *Chandler*, 59 Ind. 354.

The finding, though not good as a special finding provided for by the statute, was sufficient as a general finding to sustain a judgment. Therefore we cannot conclude that the court erred in overruling the motion for a *venire de novo*.

As is suggested on behalf of the appellee, the evidence is not properly before us. It does not appear that the original longhand copy of the official reporter's notes was filed in the clerk's office before the filing of the bill of exceptions in which it is incorporated. Under many recent decisions of the Supreme Court and of this court, the evidence cannot be regarded as part of the record. *Rogers* v. *Eich*, 146 Ind. 235; *Hamrick, Tr.,* v. *Loring*, 147 Ind. 229, *Manley* v. *Felty*, 146 Ind. 194; *Pruitt* v. *Faber*, 147 Ind. 1; *Kelso* v. *Kelso*, 16 Ind. App. 615.

As the evidence is not in the record, we are debarred from the consideration of the question as to its sufficiency to sustain the finding in favor of the appellee.

One of the grounds assigned for a new trial was, that the assessment of the amount of recovery was erroneous, being too large. Can we decide that question in the absence of the evidence?

If we can look to the facts stated in the court's finding, we see there the items of account, and the amount

allowed on each item, and that a considerable portion of the amount of the judgment was not allowable under the views we have herein expressed.

In *Evans* v. *Schafer*, 86 Ind. 135, the trial court had in its finding stated certain facts, which the appellant had moved to strike out, because irrelevant, and not warranted by the issues, and because neither party had requested a special finding. The Supreme Court said: "We are of the opinion that the court committed no error by embodying in its finding a statement of the exact ground upon which its decision was based."

In *Levy* v. *Chittenden*, 120 Ind. 37, it was said: "A finding which is not, in the technical sense of the code, a special finding, will not be disregarded because it specifically states the facts found, and is not in general terms a finding for the plaintiff or defendant. All findings which are not technically special findings are regarded and treated as general findings." It was further said: "Where the facts found fail to show a cause of action such as is stated in the complaint, the plaintiff cannot recover."

In *Lawson* v. *Hilgenberg*, 77 Ind. 221, the action was for the recovery of real estate. The evidence was not in the record, and the complaint did not state the character of the plaintiff's title; but the judgment was for several sums paid out as taxes, a lien therefor being declared on the real estate. It was contended that the finding was outside of the issues. The court said: "The statement of facts in a general finding does not transform it into a special finding." The court also said: "The motion for a new trial does not assign, as a cause, error in the amount of the recovery. If it did, a serious question might, perhaps, be presented."

In the case now at bar, the motion for a new trial

does, as we have already stated, assign such a cause, and the finding treated as a general finding contains statements of facts upon which the judgment manifestly proceeded, which indicate that the amount assessed in favor of the appellee was too large.

The judgment is reversed, and the cause is remanded for a new trial.