Corbin *et al. v.* Goddard.

No. 10,927.

## CORBIN ET AL. *v.* GODDARD.

GARNISHMENT.—*Practice.*—*Pleading.*—*Demurrer.*—*Evidence.*—A garnishee, upon appearing, may test the affidavit and order against him by demurrer or motion, but need file no answer, as the action should then proceed by the oral examination and testimony of parties and witnesses.

SAME.—*Trial as at Law.*—*Motion in Arrest.*—*Affidavit.*—Where the parties go through a regular trial, as at law, and the affidavit is tested only by a motion in arrest, the Supreme Court may examine the proceedings as though they were regular.

SAME.—*Fraudulent Transfer.*—*Promissory Note.*—Where such affidavit charges that the attachment defendant, at the time of his alleged fraudulent transfer of a promissory note to the garnishee, was notoriously insolvent, and that all his property, subject to execution, had been sold on execution, it is sufficient to withstand a motion in arrest.

SAME.—*Special Finding.*—*Fraud a Conclusion and not a Fact.*—In making a special finding of facts where such fraudulent transfer is alleged, it is not necessary that the court should find that such transfer was made with intent to defraud, that being properly a conclusion of law from the facts found.

From the Marshall Circuit Court.

*H. Corbin* and *J. D. McLaren*, for appellants.

*A. C. Capron*, for appellee.

FRANKLIN, C.—Appellee commenced proceedings supplementary to execution against appellant John Ritter, and garnisheed appellants Andrew Ritter and Horace Corbin; John Ritter was defaulted. The garnishees filed answers, alleging that a part of the indebtedness of Andrew Ritter to John Ritter had been garnisheed by a prior creditor of John Ritter, and that the balance of said indebtedness, before the commencement of these proceedings, had been transferred by endorsement, for a valuable consideration, to appellant Corbin. Upon the trial appellee undertook to prove that the transfer to Corbin was fraudulent, having so averred in the complaint and affidavit.

Upon request the court made a special finding, and stated its conclusions of law thereon, in favor of appellee. Over

motions for a new trial, and in arrest, judgment was rendered for appellee.

Appellants Andrew Ritter and Horace Corbin appealed to this court, and have assigned the following errors:

The overruling of the motion for a new trial, error in the conclusions of law, and overruling the motion in arrest of judgment.

It may be questionable whether the proceedings had in this case were proper. This is a special proceeding, and largely controlled by the statute. The 822d section, R. S. 1881, provides that "all proceedings under this act, after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses. But the sufficiency of the order and of the affidavit first filed by the plaintiff may be tested by demurrer or motion to dismiss or strike out the same." Neither of these modes of objection to the affidavit was adopted; but, instead thereof, a motion in arrest of judgment was made. If the parties thought it advisable to go through the regular forms of a trial as at law, and a just result was thereby reached, we do not presume that irregularities in the form will invalidate the proceedings. We will, therefore, proceed to examine the proceedings as though they were regular.

The objection to the complaint is that it does not contain any averment that John Ritter, at the time of the transfer of the notes, did not have other property subject to execution sufficient to pay all his debts.

The complaint alleges that at the time of the transfer of the notes John Ritter was notoriously insolvent, and at the commencement of this suit all of his property subject to execution had been sold under execution.

No objection was made to the complaint before trial; the defendants took the risk of a finding upon the complaint as it was, and after a finding was announced by the court, we think the complaint, as to this objection, was sufficient to

render judgment upon. There was no error in overruling the motion in arrest of judgment.

As to the second specification of errors, Corbin alone excepted to the conclusions of law, and as this alleged error was severally assigned, it brings in review the ruling as to him upon this question.

The substance of the special findings is as follows:

That on the 5th day of October, 1881, the said John Ritter was the owner of a farm of one hundred acres, of the value of $4,000, and four notes for $200 each signed by said Andrew Ritter, who is the son of said John, payable in one, two, three and four years, with a mortgage on forty acres of land to secure their payment, which was all the property that he then owned; that he then owed in judgments that were liens upon said farm the sum of $3,003.46; that appellant Corbin had been and then was his attorney and legal adviser, and as such had an account against him for such services in the sum of $200; that on said day said Ritter transferred to said Corbin said notes aggregating $800 in consideration of said account for $200, and said Corbin's note due in two years for $300; that on the 22d day of October, 1881, said Corbin paid on said note $48.72; that before said notes were so transferred to Corbin, Thomas K. Houghton & Bro. had procured, upon a judgment against said John Ritter, a judgment of garnishment to be rendered against Andrew Ritter upon said notes, in the sum of $35.63; that on the 14th day of October, 1881, one Michael Spiesshoffer recovered a judgment in the Marshall Circuit Court against said John Ritter as principal, and the plaintiff herein, George C. Goddard, as security, for the sum of $248.31, with $10.50 costs; that execution was issued upon the same, and all of said John Ritter's property that could be found was sold thereon, leaving unsatisfied thereof the sum of $238.94; that said plaintiff was compelled to and did pay the same on December 21st, 1881, and that said amount, with interest thereon, is still due said Goddard; that at the commencement of these proceed-

ings no part of the said $800 in notes had been paid by said Andrew Ritter.

Upon which the court stated as conclusions of law " that the transfer of the four notes calling for $200 each by said John Ritter, to the defendant Corbin, did not invest the said Corbin with ownership of said notes, but that so far as the creditors of said John Ritter are concerned said pretended sale is fraudulent and void, and that the only right which said Corbin acquired in said notes by his contract with said John Ritter is the right to hold them as collateral security for the claim of $200 as attorney fees, and for the payment of $48.72 cash advanced by said Corbin to said John Ritter on October 22d, 1881, and the interest accrued thereon.   Said Corbin's right to hold said notes as collateral security being subject to the prior lien of Thomas K. Houghton & Bro., obtained by the judgment as above stated in garnishee proceedings against said Andrew Ritter, and that the plaintiff in this suit is entitled to hold and enforce a lien upon said four notes, after the judgment of said Thomas K. Houghton & Bro. and the claim of said Corbin shall be satisfied, for the payment of the amount of $247.48 found due him from said John Ritter as hereinbefore stated, and the interest and costs accrued thereon."

The conclusions of law then make a distribution of the proceeds of the notes as they fall due, and order the surplus, if any, to be paid to said John Ritter.

The objections to these conclusions of law are that there is no finding that in the arrangement between John Ritter and Corbin for the transfer of the notes, there was any intention to commit a fraud upon Ritter's creditors, or that the agreement was fraudulent.   Facts and not conclusions are to be stated in the findings.

Under the confidential relations existing between attorney and client, and Corbin's knowledge of Ritter's business, we think, whether intended so or not, the facts stated are sufficient to constitute fraud against the other creditors of Ritter;

and we further hold that it was proper to state the facts in the findings and the conclusions in the conclusions of law. Fraud is a conclusion based upon facts. It was proper to state the facts and not the conclusions in the findings. There was no error in overruling the exception to the conclusion of law.

Under the first specification of error, the overruling of the motion for a new trial, the following reasons are stated for a new trial: That the finding of the court is not sustained by sufficient evidence, the finding is contrary to law, the finding and conclusions are not sustained by law, and are contrary to law, error occurring at the trial, and in the proceedings of the court, in this (no specifications are given).

The last three reasons stated present no question for consideration.

We have examined the evidence, and think it fully sustains the findings, and that they are not contrary to law. There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed April 2, 1884.