THOMPSON ET AL. *v.* SHEWALTER ET AL.

[No. 1,689.    Filed March 19, 1897.]

PLEADING.—*Time for Filing Answer.—Discretion of Court.*—Where an action is brought, and defendants enter their appearance, and the cause is continued from term to term for more than two years, it is within the discretion of the court to permit defendants to file an answer, it not appearing that defendants objected to any of the numerous continuances, nor that they ever asked that a rule be entered requiring defendants to answer.

SAME.—*Answer of Garnishee.—Sufficiency Of.*—The answer of a garnishee, summoned as a judgment debtor of defendant, averring that the judgment had been compromised and settled, and entered satisfied in the proper court, *prima facie* shows that the garnishee defendant is not indebted to the attachment defendant on the judgment.

SAME.—*Garnishment.—Refusal to Permit Answer After Default.*—Where in a garnishment proceeding the principal defendant entered her appearance and asked that a default taken against her be set aside and that she be permitted to answer, plaintiffs having filed their written consent, the refusal of the court to permit the filing of the answer is not prejudicial to the plaintiffs.

APPEAL AND ERROR.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*—The record must affirmatively show that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions.

From the Blackford Circuit Court. *Affirmed.*

*Cantwell & Simmons, Ryan & Thompson, Thompson & Canaday* and *W. H. Williamson,* for appellants.

*D. H. Fouts, A. Waltz* and *J. M. Smith,* for appellees.

ROBINSON, J.—This action was brought by William A. Thompson, Albert O. Marsh, and Joseph W. Thompson on account, for attorneys' fees, for services rendered the appellee, Consedine. At the same time attachment proceedings were begun and the appel-

lees, James A. and Elias Shewalter, were summoned
to appear and answer in garnishment. Appellants,
Williamson and Walters, began suit on an account
of the same character, and filed under in the attach-
ment proceedings; affidavits for attachment and garn-
ishment were by them duly filed. Appellee, Con-
sedine, was defaulted. Appellee, Elias Shewalter,
filed his verified answer in two paragraphs to the at-
tachment and garnishment proceedings, and the ap-
pellee, James A. Shewalter,. filed an answer in four
paragraphs. Separate demurrers were filed to the sev-
eral affirmiative paragraphs of answer, and overruled.
After the default of the appellee, Consedine, she ap-
peared in court and asked that she be permitted to file
an answer, and to this request all the appellants con-
sented in writing, but the court refused to set aside
the default, and refused to permit the filing of the
answer. Upon a trial by the court, judgment was
rendered in favor of the appellees, Elias and James
A. Shewalter, against the appellants for costs, and in
favor of appellants against appellee, Consedine, in a
named sum.

The errors assigned are: Overruling appellants' mo-
tion to default appellees, Elias and James A. She-
walter; refusing to set aside the default of the appel-
lee, Consedine, and in refusing to permit her to file
her answer; overruling the demurrers to the second.
third, and fourth paragraphs of the separate answer
of James A. Shewalter, and the demurrer to the sec-
ond paragraph of the separate answer of Elias She-
walter; and overruling the,motion for a new trial.

It appears that in 1887, appellee, Consedine, recov-
ered a judgment in the Jay Circuit Court against the
appellee, James A. Shewalter, for $1,000.00. After
this judgment was affirmed by the Supreme Court, it
was paid. After the trial of the above case, the appel-

lee, Consedine, recovered another judgment against appellee, James A. Shewalter, in the Jay Circuit Court for $1,700.00, and this judgment was affirmed by the Supreme Court. The appellants were the attorneys for the appellee, Consedine, in the prosecution of the above cases. Appellee, Elias Shewalter, was surety on the appeal bond in each of these cases. After the trial of these cases, and during the pendency of the appeal n the second case, the appellee, Consedine, removed to the state of West Virginia, where she resided for some time. After the judgment in the second case was affirmed by the Supreme Court, a petition for a rehearing was filed, and during the pendency of that petition the appellee, James A. Shewalter, procured from the appellee, Consedine, a written satisfaction and release of the judgment. While appellee, Consedine, still resided in West Virginia, the present action was brought in the Blackford Circuit Court, where the Shewalters lived, to recover the value of the services of the appellants as such attorneys for appellee, Consedine, in the two cases against appellee, James A. Shewalter.

The first error complained of is the overruling of appellants' motion to default the appellees, James A. and Elias Shewalter.

The complaint in this case was filed on the 14th day of May, 1891, and on the 16th day of the same month summons was served on appellee, James A. Shewalter, and on the 18th day of the same month Elias Shewalter was served with summons. On the 2d day of June following, the following entry was made in the cause: "Come now the parties by counsel and by agreement this cause is continued until the next term of this court." On the 26th day of October, 1891, the cause was again continued by agreement of counsel. The cause was continued from term to term, and on

the second judicial day of the November term, 1893, of the Blackford Circuit Court the cause was again continued, but on the 9th judicial day of the same term of court appellants appeared and the last continuance was set aside and the appellee, Consedine, was defaulted, and at the same time the court overruled appellants' motion to default the other appellees.

In this ruling there was no error. There had been an appearance by these appellees, and while the cause had been continued from term to term for more than two years, it does not appear that appellants ever objected to any of the numerous continuances, nor does it appear that they ever asked that a rule be entered requiring these appellees to answer. It does not appear why the case was so often continued, but the reasons for such continuances were known to the trial court. There is nothing in the record which removes the presumption that the trial court rightfully exercised its discretionary power in allowing time to file pleadings by a party who had already entered an appearance. Elliott's App. Pract., section 606.

Error is assigned on the overruling of the demurrers to the answers of appellees, Shewalter and Shewalter.

The second paragraph of the answer of appellee, Elias Shewalter, sets up the recovery of the judgment in the Jay Circuit Court by Consedine against James A. Shewalter for $1,700.00; the appeal and affirmance of the judgment; that Elias Shewalter signed and executed as surety for James A. Shewalter a bond for stay of proceedings pending the appeal; that within sixty days after the affirmance of the judgment by the Supreme Court, and before the sixty days expired, namely, on the 13th day of May, 1891, the appellees, Consedine and James A. Shewalter, compromised and settled said judgment in the Jay Circuit Court, and

the same was entered satisfied in that court, and that the same was compromised and settled before this cause was begun in this court, and before this defendant had any notice of any attachment or garnishee proceedings; that the entry of satisfaction of said judgment is in full force in said Jay county, and that this defendant is not otherwise indebted to the attachment defendant, Consedine, in any manner whatsoever.

The second paragraph of the answer of appellee, James A. Shewalter is a plea of payment, which appellants concede is good.

The third paragraph of answer of the same appellee is the same in substance as the second paragraph of answer of appellee, Elias Shewalter.

We are unable to see any material difference between the third and fourth paragraphs of the answer of James A. Shewalter.

The rulings on the demurrers to these several answers may all be considered together, as the same objection is urged against each paragraph, and that is, that there is no allegation that the judgment recovered by appellee, Consedine, against the appellee, James A. Shewalter, for $1,700.00 was ever paid. The allegation is that the parties "compromised and settled said judgment in the Jay Circuit Court, and the same was entered satisfied in the said Jay Circuit Court, and that the same was compromised and settled before this cause was begun in this court, and before this defendant answering had any notice of any attachment or garnishee proceedings."

We do not think these answers are open to the objection urged by appellants. The allegation that the judgment has been compromised and settled, and that it had been entered satisfied in the proper court, *prima facie* shows that the garnishee defendant is not in-

debted to the attachment defendant on that judgment. If the attachment defendant had caused to be entered a satisfaction of the judgment she could not insist, as long as that record stood, that the judgment had not been paid. The appellants were asking, in so far as any claim owing by the garnishee to the attachment defendant was concerned, that they be placed in the attachment defendant's place. Whether a valid claim existed or whether it had been compromised and settled, and whether the acts done by the parties amounted to a settlement, could be determined only by the proof. When it is said that a judgment has been entered satisfied in the proper court, the presumption is that it was fully paid, and that presumption must control until the satisfaction is properly set aside.

This being a special proceeding and largely controlled by statute, it would seem that under sections 834 and 953, Burns' R. S. 1894, the special answers filed were unnecessary. But if they were necessary they amount to a denial of the matter set out in the affidavits for garnishment, and are good against a demurrer. See *Corbin* v. *Goddard,* 94 Ind. 419.

The statute gave appellants the right to require the garnishees to make disclosures of any indebtedness owing by the garnishees to the attachment defendant, and it appears an order was made requiring the garnishees to appear, on a day named, to be questioned as to that matter, but it does not appear that the appellants availed themselves of the order, and no inquiry was made of the garnishees until the trial.

The case of *Hogan* v. *Burns* (Cal.), 33 Pac. 631, cited by appellants' counsel, was a suit on certain promissory notes, and among the answers filed was one in which the defendant denied that the notes had not been paid, but alleged that they had been "satisfied

and discharged." An account, order, and acceptance were offered in evidence, and excluded. The court held that while an accord and satisfaction had not been pleaded, yet, conceding that they were, it was not error to exclude the account, order, and acceptance from the evidence, in the absence of any offer to show by other evidence that they were intended or accepted as satisfaction of either of the notes, or that either the account or order had been paid.

But in the case at bar, the appellants can have no greater rights than the attachment defendant, and, in a suit by her on the judgment, an answer that the judgment had been compromised and settled and had been entered satisfied in the proper court, would be good.

The record affirmatively shows that the court had jurisdiction of the person of the appellee, Consedine. After she was defaulted she appeared in person, and appellants filed their consent in writing that the default might be set aside and that she might be permitted to file an answer, and at that time she asked that the default be set aside and that she be permitted to file her answer, which the record shows was the general denial. It is argued that the court erred in refusing to set aside the default and permit the filing of the answer. It is true, the garnishee defendants had the right to require the appellants to show that the court had jurisdiction of the person of the attachment defendant. The record shows that the court had such jurisdiction. We are not informed how the rights of the appellants were prejudiced by this ruling.

The remaining error discussed by counsel is overruling appellants' motion for a new trial. The grounds upon which a new trial was asked were that the finding and judgment of the court as to the garnishee is

contrary to the law and the evidence, and that the court erred in the admission of certain evidence offered by appellees, and in refusing certain evidence offered by appellants.

It is argued by counsel for appellees that the evidence is not in the record.

It appears that the longhand manuscript of the evidence was filed in the clerk's office on the 17th day of October, 1894, and that on the same day the bill of exceptions was signed by the judge and filed. It thus appears that the record does not show that the longhand copy of the evidence was filed in the clerk's office before the bill of exceptions containing the same was signed by the judge.

The transcript contains the following entry: "And afterwards, on October 17, 1894, and within the time allowed by the court, the plaintiffs filed in the office of the clerk of this court their bill of exceptions, which bill of exceptions is in the words and figures following." This is followed by the longhand manuscript of the evidence, containing the file mark of the clerk that it was filed October 17, 1894. The judge signed the bill of exceptions on the same day. There is no other evidence of the filing of the longhand manuscript, except that in his certificate to the transcript the clerk says: "I also certify that on the 17th day of October, 1894, the official stenographer who took down the evidence in said cause, filed in my office his longhand manuscript thereof, which is the same manuscript of the evidence incorporated in the bill of exceptions and made a part of the foregoing transcript." From these entries it is evident that the longhand manuscript of the evidence was not filed in the clerk's office before it was incorporated in the bill of exceptions, or before the bill was filed, as required by section 1476, Burns' R. S. 1894 (1410, R. S. 1881). *Carl-*

*son* v. *State*, 145 Ind. 650; *Rogers* v. *Eich*, 146 Ind. 235; *Manley* v. *Felty*, 146 Ind. 194; *De Hart* v. *Board*, 143 Ind. 363; *Hamrick* v. *Loring* (Ind. Sup.), 45 N. E. 107; *Beatty* v. *Miller*, 146 Ind. 231; *Fitzmaurice* v. *Puterbaugh, post*, 318.

The evidence is not in the record.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.